**FILED**
**DECEMBER 4, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6830**

| | | |
|---|---|---|
| JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, Deceased, SOOHA AKKAD, individually; SUSAN GITELSON, Special Administrator of the Estate of RIMA AKKAD MONLA, deceased; and MICHAEL BUTLER, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | **JUDGE DARRAH** |
| v. | ) ) | **MAGISTRATE JUDGE COX** |
| H GROUP HOLDING, INC., a corporation; GLOBAL HYATT CORPORATION, a corporation; HYATT INTERNATIONAL CORPORATION, a corporation; HYATT CORPORATION, a corporation; HYATT HOTELS CORPORATION, a corporation; HYATT INTERNATIONAL (EUROPE AFRICA MIDDLE EAST) LLC; AIC HOLDING CO., a corporation; HYATT INTERNATIONAL HOLDINGS, CO., a corporation; HI HOLDINGS LUXEMBUG S.a.r.l.; ZARA INVESTMENT HOLDING CO.; and AMMAN TOURISM INVESTMENT CO., LTD., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. |
| Defendants. | ) ) | |

**NOTICE OF REMOVAL**

TO:   Clerk of the United States District Court
      for the Northern District of Illinois
      219 South Dearborn Street
      Chicago, IL

Thomas A. Demetrio
William T. Gibbs
CORBOY & DEMETRIO, P.C.
33 North Dearborn Street, Suite 2100
Chicago, Illinois 60602

Browne Greene
Geoffrey S. Wells
GREENE, BROILLET & WHEELER, LLP
100 Wilshire Road, 21st Floor
Santa Monica, California 90407

Michael Weisman
WEISMAN & MCINTYRE
99 Summer Street, Suite 2010
Boston, Massachusetts 02110

Defendant HYATT INTERNATIONAL (EUROPE AFRICA MIDDLE EAST) LLC ("Hyatt EAME"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, to this Court. The grounds for removal are as follows:

1. On or about September 10, 2007, Plaintiffs filed their Complaint in the Circuit Court of Cook County, Illinois, against defendants Global Hyatt Corporation and Hyatt International Corporation, both Illinois defendants. The case was captioned *Siegel et al. v. Global Hyatt Corp., et al.*, No. 07 L 9489. Plaintiffs' Complaint is attached hereto as Exhibit A.

2. Subsequently, on or about November 8, 2007, the Circuit Court of Cook County granted Plaintiffs' leave to file their Amended Complaint, naming additional plaintiffs and defendants. The Amended Complaint named for the first time a number of foreign corporate defendants, including Hyatt EAME. Plaintiffs' Amended Complaint is attached hereto as Exhibit B.[1]

3. Hyatt EAME brings this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

---

[1] Hyatt EAME denies this court has personal jurisdiction over it, inasmuch as Hyatt EAME is a Swiss business entity with its principal place of business in Switzerland.

2

## JURISDICTIONAL AMOUNT

4.  The underlying lawsuit arises out of a November 2005 suicide terrorist bombing at the Grand Hyatt Amman Hotel in Amman, Jordan. Plaintiffs Siegel and Gitelson are representatives of the estates of decedents Moustapha Akkad and Rima Akkad Monla, who were killed by the bomb. Plaintiffs Sooha Akkad and Michael Butler allege serious injuries suffered as result of the bomb. Am. Compl. Ex. A. at ¶ 13 of Counts I-V.

5.  As the party asserting diversity jurisdiction, Hyatt EAME "must show a reasonable probability" that the amount in controversy exceeds $75,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).

6.  Illinois' pleading rules do not permit Plaintiffs to plead for a specific dollar amount. Accordingly, the Amended Complaint does not pray for judgment or allege damages in any particular dollar amount. *See, e.g.*, Am. Compl. Ex. A at 6. Rather, at the end of each count, Plaintiffs ask for judgment "for a sum in excess of the [$50,000] jurisdictional limits to bring this lawsuit in the Law Division of the Circuit Court of Cook County, Illinois, together with costs and interests." *Id.*

7.  When a Plaintiffs' complaint, as here, does not specify the value of the claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

8.  A "common-sense reading" of the Amended Complaint reveals that each Plaintiff is seeking compensatory damages in excess of $75,000. *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (noting that "courts have routinely held that when plaintiffs allege serious, permanent injuries . . . it is obvious from the face of the complaint that the plaintiffs' damages exceed the jurisdictional amount"); *see also Eltman v. Pioneer Commc'ns of*

*Am.*, 151 F.R.D. 311, 314-315 (N.D. Ill. 1993) (finding it "reasonably probable" the amount in controversy exceeded $75,000 in a wrongful death and survival action, even though the complaint only specified damages in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois).

9. Here, two of the Plaintiffs are bringing wrongful death actions arising out of their decedents' presence in the Amman, Jordan hotel lobby when the suicide terrorist set off the bomb in the lobby, and the other two Plaintiffs allege they suffered serious injuries because they too were in the lobby when the suicide terrorists set off the bomb in the lobby.

10. Because it is facially apparent from the Amended Complaint that the amount in controversy exceeds $75,000 for each Plaintiff, removal is appropriate unless Plaintiffs can demonstrate with "legal certainty" that their claims do not exceed $75,000. *Oshana*, 472 F.3d at 511. Therefore, removal is proper.

## COMPLETE DIVERSITY BETWEEN ALL PLAINTIFFS AND ALL DEFENDANTS

### A. The Defendants

*(i)    The Foreign Defendants*

11. Defendant Amman Tourism Investment Company, Ltd., was, at the time the Amended Complaint was filed, and is now, a business entity organized and having its principal place of business in Amman, Jordan. Plaintiffs allege Amman Tourism Investment Company, Ltd. owned the hotel where the suicide bomber struck.

12. Defendant Hyatt EAME was, at the time the Amended Complaint was filed, and is now, a Swiss business entity organized and having its principal place of business in Switzerland. Plaintiffs allege, and Hyatt EAME admits, that Hyatt EAME had a contract to manage the Amman, Jordan hotel where the suicide bomber struck.

4

13. Upon information and belief, Defendant Zara Investment (Holding) Co. was, at the time the Amended Complaint was filed, and is now, a business entity organized in and having its principal place of business in Amman, Jordan.

14. Defendant HI Holdings Luxemburg S.a.r.l. was, at the time the Amended Complaint was filed, and is now, a business entity organized and having its principal place of business in Luxemburg.

*(ii)    The Domestic Defendants*

15. Defendant H Group Holding, Inc., was, at the time the Amended Complaint was filed, and is now, a Delaware corporation with its principal place of business in Illinois.

16. Defendant Global Hyatt Corporation was, at the time the Amended Complaint was filed, and is now, a Delaware corporation with its principal place of business in Illinois.

17. Defendant Hyatt International Corporation was, at the time the Amended Complaint was filed, and is now, a Delaware corporation with its principal place of business in Illinois.

18. Defendant Hyatt Corporation was, at the time the Amended Complaint was filed, and is now, a Delaware corporation with its principal place of business in Illinois.

19. Defendant Hyatt Hotels Corporation was, at the time the Amended Complaint was filed, and is now, a Delaware corporation with its principal place of business in Illinois.

20. Defendant AIC Holding Co. was, at the time the Amended Complaint was filed, and is now, a corporation organized in Delaware with its principal place of business also in Delaware.

21.     Defendant Hyatt International Holdings Co. was, at the time the Amended Complaint was filed, and is now, a Delaware corporation with its principal place of business also in Delaware.

In summary, the foreign defendants are citizens of Jordan, Switzerland, and Luxemburg, and the domestic defendants are citizens of Delaware and Illinois.

**B.     The Plaintiffs**

22.     Based upon information and belief, decedent Moustapha Akkad was, at the time of his death, a citizen of the United States and Syria, and a resident California.

23.     Based upon information and belief, decedent Rima Akkad Monla was, at the time of her death, a citizen of the United States and Lebanon, and a resident of Lebanon.

24.     Based upon information and belief, Plaintiff Sooha Akkad was, at the time the Amended Complaint was filed, and is now, a citizen of the state of California.

25.     Based upon information and belief, Plaintiff Michael Butler was, at the time the Amended Complaint was filed, and is now, a citizen of the state of Massachusetts.

In sum, for diversity purposes Plaintiffs are citizens of Syria, Lebanon, California and Massachusetts. Moreover, none of the Plaintiffs is a citizen of Illinois or Delaware, and therefore there is complete diversity between all of the plaintiffs and all of the defendants.

## REMOVAL IS PROPER, EVEN IN THE PRESENCE OF THE OTHER DOMESTIC ILLINOIS DEFENDANTS

26.     Under 28 U.S.C. § 1441(b), an action is only removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action in brought." Removal is proper, however, where the resident defendant has been fraudulently joined to defeat diversity jurisdiction. *See Gottlieb v. Westin*, 990 F.2d 323, 327 (7th Cir. 1993).

27. Joinder is "fraudulent" where "there is no possibility that a plaintiff can state a cause of action" against the defendant in question in state court, or "where there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.*; *see also Bodine's Inc. v. Fed. Ins. Co.*, 601 F. Supp. 47, 48-49 (N.D. Ill. 1984) ("[i]t is axiomatic that the right to remove a diversity action 'cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy' ") (quoting *Chesapeake & Ohio Ry. v. Cockrell*, 232 U.S. 146, 152 (1914)).

28. Illinois law imposes no general duty to protect others from the criminal acts of third parties. *Hills v. Bridgeview Little League Ass'n*, 745 N.E.2d 1166, 1178 (Ill. 2000); *Sameer v. Butt*, 796 N.E.2d 1063, 1068 (Ill. App. Ct. 2003). Exceptions to this rule exist where the parties have a "special relationship" and the criminal act was "reasonably foreseeable." *Hills*, 745 N.E.2d at 1186-87; *Popp v. Cash Station, Inc.*, 613 N.E.2d 1150, 1153 (Ill. App. Ct. 1992). Illinois law "recognizes four special relationships which impose a legal duty to warn or protect a person from harm." *Lutz v. Goodlife Entm't, Inc.*, 567 N.E.2d 477, 479 (Ill. App. Ct. 1990).

For example, a special relationship between an innkeeper and her guests imposes a duty on a hotel owner to keep her guests safe. *Yamada v. Hilton Hotel Corp.*, 376 N.E.2d 227, 236 (Ill. App. Ct. 1977); *Mrzlak v. Ettinger*, 323 N.E.2d 796, 800 (Ill. App. Ct. 1975). Thus, if a hotel guest is assaulted by a third party, a court may hold the hotel owners and operators to a high degree of care. *Mrzlak*, 323 N.E.2d at 800; *Fortney v. Hotel Rancroft*, 125 N.E.2d 544, 548 (Ill. App. Ct. 1964). Additionally, a special relationship exists between a landowner and an invitee. *Sameer*, 796 N.E.2d 1069; *Costa v. Gleason*, 628 N.E.2d 199, 200 (Ill. App. Ct. 1993). Unlike an innkeeper, a business owner has only a duty to exercise reasonable care to protect her

invitees against the foreseeable criminal acts of third parties. *Costa*, 628 N.E.2d at 200; *Welsh v. White Castle Sys., Inc.*, 479 N.E.2d 944, 947 (Ill. App. Ct. 1985).

29.   In addition to the four foreign corporate defendants who allegedly owned and operated the hotel in Amman, Jordan, Plaintiffs name five domestic Illinois corporate defendants: H Group Holding, Inc., Global Hyatt Corporation, Hyatt International Corporation, Hyatt Corporation, and Hyatt Hotels Corporation (collectively, "the Illinois Defendants").

Other than with sweeping, baseless conclusions, Plaintiffs cannot allege the Illinois Defendants owed a duty to protect against third-party criminal acts—because those Illinois Defendants have no relationship whatsoever, special or otherwise, with Plaintiffs. Plaintiffs did not and cannot plead any facts to support their incorrect conclusion that any of these Illinois Defendants "directly participated in the supervision, direction, operation and management" of the Grand Hyatt Amman, and therefore these Illinois Defendants were fraudulently joined to this action. Am. Compl. Ex. A. at 3 ¶ 7 of Counts I-V.

30.   As the party asserting diversity jurisdiction, Hyatt EAME bears the burden of establishing fraudulent joinder by demonstrating there is no "reasonable possibility" an Illinois state court would rule against the Illinois Defendants. *Poulos v. Nass Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Hyatt EAME will establish that there is no "reasonable possibility" of recovery against these Illinois Defendants in its motion to dismiss, to be filed within 21 days of this Notice.

**REMOVAL IS TIMELY**

31.   Hyatt EAME was not a defendant in the Action until November 8, 2007, the date Plaintiffs filed their Amended Complaint adding Hyatt EAME as a defendant. This Notice of

Removal is timely pursuant to 28 U.S.C. § 1446(b) because Hyatt EAME is filing it within thirty (30) days after Plaintiffs filed their Amended Complaint on November 8, 2007.

## CONSENT AND NOTICE

32. No other defendants have been served. If any properly-joined defendants are served, Hyatt EAME will provide evidence of those defendants' consent to removal.

33. Hyatt EAME has given written notice of the filing of this notice of removal to all attorneys of record and to the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, the underlying state court action is one for which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441, because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. Defendant Hyatt EAME therefore hereby gives notice of removal of the above-referenced action now pending in the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

DEFENDANT DEMANDS TRIAL BY JURY

Respectfully submitted,

HYATT INTERNATIONAL (EUROPE AFRICA MIDDLE EAST) LLC

By: /s/ Lisa M. Fontoura
One of Its Attorneys

H. Roderic Heard (1167170)
Mark P. Miller (6191128)
Lisa M. Fontoura (6273876)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, IL 60606-1229
(312) 201-2000

Dated: December 4, 2007

## CERTIFICATE OF SERVICE

I, Lisa M. Fontoura, an attorney, state that I have served a copy of the foregoing Notice of Removal to all counsel of record by depositing a copy of same in the United States Mail at 225 West Wacker Drive, Chicago, Illinois, 60606, properly addressed with the proper prepaid postage affixed thereto this 4th day of December, 2007.

/s/ Lisa M. Fontoura