#108                                                                  1/3/08                       2007S-0284
―――                                                                   ――――                        ―――――――

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, deceased; <br> SOOHA AKKAD, Individually; <br> SUSAN GITELSON, Special Administrator of the Estate of RIMA AKKAD MONLA, deceased; and <br> MICHAEL BUTLER, <br><br>          Plaintiffs, <br><br>          v. <br><br> H GROUP HOLDING, INC., a corporation ("H GROUP"); <br> GLOBAL HYATT CORPORATION, a corporation ("GLOBAL"); <br> HYATT INTERNATIONAL CORPORATION, a corporation ("HI"); <br> HYATT CORPORATION, a corporation ("HYATT CORP."); <br> HYATT HOTELS CORPORATION, a corporation ("HYATT HOTELS"); <br><br> HYATT INTERNATIONAL (EUROPE AFRICA MIDDLE EAST) LLC ("HYATT EAME"); <br> AIC HOLDING CO., a corporation ("AIC"); <br> HYATT INTERNATIONAL HOLDINGS CO., a corporation ("HIH"); <br> HI HOLDINGS LUXEMBURG S.a.r.l. ("HI LUX"); <br> ZARA INVESTMENT (HOLDING) CO. ("ZARA"); and <br> AMMAN TOURISM INVESTMENT COMPANY, LTD. ("ATIC"); <br><br>          Defendants. | <br><br><br><br><br><br><br><br><br><br><br> No. 07 C 6830 <br><br> Judge John W. Darrah <br><br>          Magistrate Judge Susan E. Cox |

**PLAINTIFFS' MOTION TO REMAND**

Plaintiffs, JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, deceased; SOOHA AKKAD, Individually; SUSAN GITELSON, Special Administrator of the Estate of RIMA AKKAD MONLA, deceased; and MICHAEL BUTLER, move this Court for the entry of an Order, pursuant to 28 U.S.C. § 1447(c), remanding this case to the Circuit Court of Cook County, Illinois. In support thereof, Plaintiffs state:

## FACTS

The instant causes of action arise from the wrongful deaths of Moustapha Akkad and Rima Akkad Monla and the personal injuries sustained by Sooha Akkad and Michael Butler on November 9, 2005. (Exhibit A, Counts I - X, ¶ 1).[1] Certain plaintiffs commenced these actions against GLOBAL (principal place of business: 71 S. Wacker Drive, Chicago, IL) and HI (principal place of business: 71 S. Wacker Drive, Chicago, IL) in the Circuit Court of Cook County on September 9, 2007. (Exhibit B.)

On November 8, 2007, the Circuit Court of Cook County granted Plaintiffs leave to file an Amended Complaint at Law. (Exhibit C.) Accordingly, Plaintiffs filed their Amended Complaint at Law to include certain plaintiffs and the following defendants:

- H GROUP (principal place of business: 71 S. Wacker Drive, Chicago, IL);
- HYATT CORP (principal place of business: 71 S. Wacker Drive, Chicago, IL);
- HYATT HOTELS (principal place of business: 71 S. Wacker Drive, Chicago, IL);
- HYATT EAME (principal place of business: Lausanne, Switzerland);
- AIC (principal place of business: Delaware);
- HIH (principal place of business: Delaware);

---

[1] Index to Exhibits Attached.

- HI LUX (principal place of business: Luxemburg);

- ZARA (principal place of business: Amman, Jordan); and

- ATIC (principal place of business: Amman, Jordan).

Defendant EAME removed this case on December 4, 2007. (Exhibit D.)[2] The sole basis for removal articulated in EAME's Notice is the alleged fraudulent joinder of the Illinois residents, GLOBAL, HI, H GROUP, HYATT CORP AND HYATT HOTELS (collectively, "Illinois Defendants"). (Id.) Defendants concede that the principal place of these Illinois Defendants is Illinois. (Id. at ¶¶ 15 - 19.)

The occurrence leading to this action was an explosion at the Grand Hyatt Amman on November 9, 2005, which injured plaintiffs Sooha Akkad and Michael Butler and killed plaintiffs' decedents Moustapha Akkad and Rima Akkad Monla while they were guests at that hotel. (Exhibit A, Counts I - X, ¶ 1, and Counts I - V at ¶ 12.)

## ARGUMENT

### THE AMENDED COMPLAINT AT LAW PROPERLY NAMES NON-DIVERSE PARTY DEFENDANTS AND THEREBY DEFEATS A CLAIM OF FRAUDULENT JOINDER ON ITS FACE

**A.  Defendant Cannot Meet its Heavy Burden to Establish Fraudulent Joinder.**

Since five defendants involved in this case have their principal place of business in Illinois, the presumption is that diversity is lacking. See Ontiveros v. Anderson, 635 F. Supp. 216, 218 (N.D. Ill. 1986). This Court has diversity jurisdiction over these claims only if it finds that the Illinois Defendants were fraudulently joined. "Fraudulent joinder occurs either when

---

[2]Plaintiffs do not waive argument that, under 28 U.S.C. § 1446, defendant EAME's removal is deficient for its failure to demonstrate consent to removal of all other defendants within thirty days of notice of removability.

3

there is no possibility that a plaintiff can state a cause of action against non-diverse defendants in state court, or where there has been outright fraud in plaintiffs' pleading of jurisdictional facts." Gottlieb v. Westin Hotel Co., 990 F.2d 323, 327 (7th Cir. 1993). "If there is *even a possibility* that a state court would find that the complaint states a cause of action against the resident defendant, the District Court must find that the joinder was proper and remand the case to the state court." Ontiveros, 635 F. Supp. 218-19 (emphasis added).

The burden of proving fraudulent joinder rests on the removing party. Fisher v. Thyssen Mannesmann Handel Gmbh, 2006 U.S. Dist. LEXIS 2270, 8 (N.D. Ill. 2006), (citing Ontiveros, 635 F. Supp. at 218); Gould v. Artisoft, Inc., 1 F.3d 544, 547 (7th Cir. 1993). All factual issues and questions of substantive law are evaluated in plaintiffs' favor. Ontiveros, 635 F. Supp. at 218. Under longstanding principles enunciated by our Supreme Court, this Court is charged to begin its analysis with a strong presumption in favor of remand. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994); Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir. 1976).

Precedential law provides that the District Court must "jealously guard" its jurisdiction against abuse by parties who may not comprehend the constitutional importance of federal jurisdiction. Stemmons v. Toyota Tsusha America, Inc., 802 F.Supp. 195, 197 (N.D. Ill. 1992). Accordingly, when a defendant seeks to remove to federal court this Court must "remain vigilant to ensure the presence of jurisdiction even though the parties may disregard the subject (or, worse, try to sneak one by the judge)." In re Shell Oil Co., 966 F.2d 1130, 1133 (7th Cir. 1992).

As this Court is aware, in considering a motion to remand, this Court's focus is restricted to its authority to hear the case pursuant to the removal statute. Fisher, 2006 U.S. Dist. LEXIS at

4

8 (citing 28 U.S.C. § 1441).  If this Court finds that it does not have jurisdiction, then it must remand the case to state court.  Id. (citing Casey v. Hinckley & Schmitt, Inc., 815 F.Supp. 266-67 (N.D. Ill. 1993)); Commonwealth Edison Co. v. Westinghouse Elec. Co., 759 F.Supp. 449, 452 (N.D. Ill.1991).

    This Court's diversity jurisdiction is limited -- no plaintiff may be a citizen of the same state as any defendant.  Fisher, 2006 U.S. Dist. LEXIS at 9 (citing Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp., 34 F.3d 1310, 1314-15 (7th Cir. 1994)).  In this case, it is undisputed that the Illinois Defendants have their principal places of business in Illinois.  (Exhibit A, Counts I - V at ¶ 6.)  Hyatt EAME avers in its Notice of Removal that these Illinois Defendants are not liable for Plaintiffs' injuries and, hence, it inaccurately argues, these Illinois Defendants are fraudulently joined in this lawsuit.  (Exhibit D.)  This averment is incorrect.  This argument, based entirely on Hyatt EAME's traverse of Plaintiffs' charges in their Complaint, is insufficient to establish diversity jurisdiction.

    Based upon the facts pled in this case, diversity jurisdiction does not exist.  The Illinois Defendants are alleged to have directly participated in the supervision, direction, operation and management of the hotel.  (Exhibit A, Counts I - V at ¶ 7.)  The Illinois Defendants knew of the potential for such a deadly explosion as the one complained of herein.  (Exhibit A, Counts I - V at ¶ 11(h).)  The Illinois Defendants abandoned the only safeguard that existed to prevent this tragedy by removing metal detectors from the hotel lobby.  (Exhibit A, Counts I - V at ¶ 10.)  The Illinois Defendants' acts and omissions were proximate causes of the injuries and death sustained by Plaintiffs and Plaintiffs' decedents.  (Exhibit A, Counts I - V at ¶ 14, and Counts VI - X at ¶ 10.)  Under the common law, these defendants are, at least arguably, liable to Plaintiffs.

Hyatt EAME's attempt to pierce the pleadings in order to refute Plaintiffs claims against the Illinois Defendants' is untimely and disfavored.

**B.    Plaintiffs' Allegations against the Illinois Defendants in their Amended Complaint at Law State a Negligence Cause of Action.**

Defendant, Hyatt EAME, does not allege in its Notice of Removal that Plaintiffs have engaged in outright fraud in their pleadings of jurisdictional facts, nor can it. (Exhibit D.) It acknowledges that Defendants, H Group, Global, HI, Hyatt Corp. and Hyatt Hotels, have their principal places of business in Illinois. (Id. at ¶¶ 15 - 19.)

Hyatt EAME simply denies the material allegations of Plaintiffs' Complaint as they pertain to the Illinois Defendants. This is not a sufficient tactic for establishing fraudulent joinder. A Defendant cannot establish fraudulent joinder simply by denying material allegations in a complaint. See Southern Ry. Co. v. Lloyd, 239 U.S. 496, 500 (1916) ("In no case can the right of removal be established by a petition to remove which amounts simply to a traverse of facts alleged."). Instead, the scope of the court's inquiry in evaluating a claim of fraudulent joinder is extremely narrow, namely, to determine whether, *after resolving all issues of fact and law in a plaintiff's favor*, the plaintiff has stated a claim upon which relief can be granted in Illinois state court against a diversity-defeating defendant. Riddle v. Merck & Co., 2006 U.S. Dist. LEXIS 22085 (N.D. Ill. 2006) (emphasis added).

This Court's sole focus is, therefore, whether the Illinois Defendants are defendants against whom Plaintiffs could possibly establish a cause of action in Illinois courts. Fields v. Reichenberg, 643 F. Supp. 777, 779 (N.D. Ill. 1986). In making such a determination, Illinois courts accept all well-pleaded facts as true. Glowacki v. Moldtronics, Inc., 264 Ill. App. 3d 19,

21 (2d Dist. 1994). Where, as here, a plaintiff has pled a cause of action under a negligence theory, the plaintiffs need only show that the allegedly fraudulently joined defendants owed a duty to the plaintiffs. Katonah v. USAir, 876 F. Supp. 984, 987 (N.D. Ill. 1995). In other words, if Illinois law recognizes the cause of action against defendants as outlined in Plaintiff's complaint, then the case must be remanded to state court. See also Valentine v. Ford Motor Co., 2003 U.S. Dist. LEXIS 24213, 13 (S.D. Ind. 2003) ("The test for fraudulent joinder . . . is a less searching test than the test under Rule 12(b)(6) [of the Federal Rules of Civil Procedure]. In fact, a federal court may find that a non-diverse defendant is not fraudulently joined for the purposes of jurisdiction, and later a state court may find that the plaintiff failed to state a claim against the same non-diverse defendant, who will then be dismissed from the suit.").

      **1.**     *The innkeeper-guest relationship establishes the Illinois Defendants' duty to protect Plaintiffs against criminal acts of third parties.*

EAME points out that under Illinois law, a private person generally has no duty to act affirmatively to protect another from criminal attack by a third person absent a "special relationship" between the parties. Rowe v. State Bank of Lombard, 125 Ill. 2d 203, 216-17 (1988). EAME concedes that there are four "special relationships" that constitute exceptions to the general rule, including the innkeeper-guest relationship. Marshall v. Burger King Corp., 222 Ill. 2d 422, 438 (2006); (Exhibit D, ¶ 28.) Under the innkeeper-guest relationship, "where an assault upon a guest by a third party is involved…the hotel is held to a high degree of care." DeMyrick v. Guest Quarters Suite Hotels, 944 F. Supp. 661, 665 (N.D. Ill. 1996) (denying a hotel's motion for *summary judgment* in favor of the estate of a murdered guest where the hotel "clearly owed [the victim] a duty to protect him from foreseeable attack") (citing Mrzlak v.

Ettinger, 25 Ill. App. 3d 706, 709 (1st Dist. 1975)).

The hotel owes this high degree of care throughout the time an individual is a guest of the hotel. Yamada v. Hilton Hotel Corp., 60 Ill. App. 3d 101, 112 (1st Dist. 1977); Danile v. Oak Park Arms Hotel, Inc., 55 Ill. App. 2d 2 (1st Dist. 1964); Fortney v. Hotel Rancroft, Inc., 5 Ill. App. 2d 327 (1st Dist. 1955). The Seventh Circuit recognizes that a "fancy hotel" such as the Grand Hyatt Amman owes a "tort duty of maintaining a reasonable perimeter defense to prevent the initial intrusion," including "security guards both in the lobby and patrolling the hallways." Shadday v. Omni Hotels Mgt. Corp., 477 F.3d 511, 514 (7th Cir. 2007) (citing Banks v. Hyatt Corp., 722 F.2d 214, 225-26 (5th Cir. 1984)).

Such a special innkeeper-guest duty is alleged in this case. (Exhibit A, Counts I - V at ¶ 12.) Plaintiffs were guests at the Grand Hyatt Amman Hotel and were assaulted by the foreseeable attack of a third party. (Exhibit A, Counts I - V at ¶¶ 11-12.) Indeed, paragraph twelve in each of Counts I through V of Plaintiff's Amended Complaint at Law assert that Plaintiffs' were guests at the Grand Hyatt Amman, and paragraph eleven of those Counts alleges that the bombing was foreseeable. Id. Accordingly, Plaintiffs' Amended Complaint adequately pleads an affirmative duty owed by the hotel owners and operators under Illinois law.

> **2.** *Discovery conducted, to date, establishes that the Illinois Defendants directly participated in the ownership and operation of the hotel and the decision to remove appropriate security measures.*

In Illinois, a parent company may be held liable for the wrongdoing of a subsidiary where the parent directly participated in the subsidiary's unlawful actions. Forsythe v. Clark USA, Inc., 224 Ill. 2d 274, 290 (2007) (affirming denial of motion for summary judgment by defendant parent company, whose budget cutbacks precipitated hiring of unqualified personnel and

8

consequent deadly fire). Forsythe held a parent company can be held liable as a direct participant for foreseeable injuries if it "mandates an overall course of action and then authorizes the manner in which specific activities contributing to that cause of action are undertaken." Id. at 290.

Here, Plaintiffs' Amended Complaint at Law explicitly states in paragraph seven in each of Counts I through V that the Illinois Defendants "directly participated in the supervision, directions, operation and management of the Grand Hyatt Amman." (Exhibit A, Counts I - V at ¶ 7.) Paragraph ten of those Counts specifically assert that the Illinois Defendants directly participated by removing metal detectors from the entrance of the Grand Hyatt Amman prior to November 9, 2005. (Exhibit A, Counts I - V at ¶ 10).

Furthermore, ongoing discovery in this case has revealed a Management Agreement between the owners of the Grand Hyatt Amman and certain Illinois Defendants that further validates those defendants' direct participation in management of the hotel. (Management Agreement for the Hyatt Hotel Amman, dated September 21, 1994.)[3] That Management Agreement mandates that Grand Hyatt Amman's general manager be equipped with HI's policies and systems and procedures manuals. (Id.) It further stipulates that HI and its subsidiaries and HYATT CORP be named as additional insureds on the hotel's policy. (Id.) The agreement references, in various provisions, Chicago, Illinois as a critical location for purposes of communication between the entities. (Id.) It is clear that HI, HYATT CORP, and other Hyatt entities are, and were, direct participants in the operation and management of the Grand Hyatt Amman. Further discovery will reveal the nature and extent of each entity's participation.

Based on the pleadings before this Court, as well as the limited discovery conducted to

---

[3]This document, by agreement of the parties, is confidential.

9

date, the Illinois Defendants would not be dismissed by an Illinois Court. Their participation in the Grand Hyatt Amman and its related security decisions is apparent. Plaintiffs' complaints against them do not meet the requirements for diversity jurisdiction.

WHEREFORE, as Defendant improperly removed to this Court pursuant to 28 U.S.C. § 1441, plaintiff respectfully requests remand of this matter to the Circuit Court of Cook County for trial on the merits.

Respectfully submitted,

/s/ Thomas A. Demetrio

Thomas A. Demetrio
Michael K. Demetrio
Daniel M. Kotin
William T. Gibbs
CORBOY & DEMETRIO, P.C.
33 North Dearborn Street, Suite 2100
Chicago, Illinois  60602
312-346-3191
Firm I.D. No. 108

## INDEX TO EXHIBITS

| | |
|---|---|
| Exhibit A | Amended Complaint at Law |
| Exhibit B | Original Complaint at Law |
| Exhibit C | Cook County Circuit Court Order Granting Leave to Amend |
| Exhibit D | Notice of Removal |

## **CERTIFICATE OF SERVICE**

I, Thomas A. Demetrio, an attorney, state that I have served a copy of the foregoing Notice of Removal to all counsel of record by depositing a copy of same in the United States Mail at 33 North Dearborn Street, Chicago, IL 60602.

      /s/ Thomas A. Demetrio