IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, Deceased, SOOHA AKKAD, individually; SUSAN GITELSON, Special Administrator of the Estate of RIMA AKKAD MONLA, deceased; and MICHAEL BUTLER,<br><br>    Plaintiffs,<br><br>  v.<br><br>H GROUP HOLDING, INC., a corporation; GLOBAL HYATT CORPORATION, a corporation; HYATT INTERNATIONAL CORPORATION, a corporation; HYATT CORPORATION, a corporation; HYATT HOTELS CORPORATION, a corporation; HYATT INTERNATIONAL (EUROPE AFRICA MIDDLE EAST) LLC; AIC HOLDING CO., a corporation; HYATT INTERNATIONAL HOLDINGS, CO., a corporation; HI HOLDINGS LUXEMBUG S.a.r.l.; ZARA INVESTMENT HOLDING CO.; and AMMAN TOURISM INVESTMENT CO., LTD.,<br><br>    Defendants. | No. 07 C 6830<br><br>Judge John W. Darrah<br><br>Magistrate Susan E. Cox |

**DEFENDANTS H GROUP HOLDING, INC., GLOBAL HYATT CORPORATION, HYATT INTERNATIONAL CORPORATION, HYATT CORPORATION, HYATT HOTELS CORPORATION, AND HYATT INTERNATIONAL (EUROPE AFRICA MIDDLE EAST) LLC'S MOTION FOR LEAVE TO FILE CONSOLIDATED BRIEF IN EXCESS OF 15 PAGES IN SUPPORT OF THEIR MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND, *INSTANTER***

Defendants H Group Holding, Inc., Global Hyatt Corporation, Hyatt International Corporation, Hyatt Corporation, Hyatt Hotels Corporation, and Hyatt International (Europe Middle East Africa) LLC (collectively, "the Defendants"), through their attorneys, respectfully

move this Court for leave to file a consolidated brief in excess of 15 pages in support of their motion to dismiss and in opposition to Plaintiffs' motion to remand, *instanter*.

1.    On December 27, 2007, in response to Defendants' motion for extension of time to file their motion to dismiss, the Court entered a briefing schedule on Defendants' motion to dismiss, ordering that Defendants file their motion to dismiss and supporting memorandum on or before January 14, 2008.  In the interim, on January 3, 2008, Plaintiffs filed their motion to remand this case back to the Circuit Court of Cook County.

2.    In their consolidated motion to dismiss, the Defendants raise the following arguments:  (1) this Court has diversity jurisdiction over this matter despite the presence of several Illinois defendants because those Illinois defendants were fraudulently joined and should be dismissed; (2) this Court does not have personal jurisdiction over defendant Hyatt EAME, a Swiss corporation with its principal place of business in Switzerland that does not have sufficient contacts with Illinois to bring it within the jurisdiction of a Federal court located in Illinois; (3) the Amended Complaint should be dismissed in its entirety under the doctrine of *forum non conveniens* because the bombing occurred in, and the evidence and witnesses are all located in, Amman, Jordan; and finally, (4) the Amended Complaint should be dismissed on substantive grounds for failure to state a claim upon which relief may be granted because plaintiffs cannot establish a cause of action for negligence under Illinois law regarding third-party criminal attacks.

3.    Defendants must make all of these arguments in this motion to dismiss or risk waiving them.  While Defendants have tried to make those arguments as succinctly as possible, Defendants have been unable to reduce their brief further without compromising their arguments

and prejudicing their positions. Any one of the four topics identified above could easily consume 15 pages in and of itself.

4.   In addition, the arguments Defendants raise in opposition to Plaintiffs' motion to remand are necessarily intertwined with the arguments set forth in their motion to dismiss. Thus, for the convenience of the Court and the parties, and because the issues and arguments supporting their motions to dismiss the Amended Complaint and their opposition to Plaintiffs motion to remand are inextricably related, the Defendants consolidated all of their arguments into a single memorandum of law in support of their motion to dismiss and in opposition to Plaintiffs' motion to remand. The Defendants' consolidated memorandum of law is 30 pages.

5.   The Defendants therefore respectfully request leave of Court to file a consolidated memorandum of law in support of their motion to dismiss and in opposition to plaintiffs' motion to remand in excess of 15 pages, *instanter*. In the alternative, should the Court be inclined to deny this motion, Defendants seek leave to separate their arguments and file two distinct 15-page memoranda (one in support of their motion and one in opposition to Plaintiffs' motion) *instanter*.

WHEREFORE, the Defendants respectfully request that this Court grant the Defendants leave to file their 30-page consolidated memorandum of law in support of their consolidated motion to dismiss the Amended Complaint and in opposition to plaintiffs' motion to remand. In the alternative, the Defendants respectfully request leave to file separate memoranda.

Respectfully submitted,

By:   /s/ Mark P. Miller

H. Roderic Heard (1167170)
Mark P. Miller (6191128)
Lisa M. Fontoura (6273876)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, IL 60606-1229
(312) 201-2000


Dated: January 14, 2008

**CERTIFICATE OF SERVICE**

I, Mark P. Miller, an attorney, state that I have served a copy of the foregoing Notice of Motion and Motion for Leave to File Consolidated Brief in Excess of 15-Pages in Support of Defendants' Motion to Dismiss and in Opposition to Plaintiffs' Motion to Remand, *Instanter*, to all counsel of record via electronic case filing system (CM/ECF) as indicated below, from 225 West Wacker Drive, Chicago, Illinois, 60606, on this 14th day of January, 2008:

　　Thomas A. Demetrio – tad@corboydemetrio.com

　　William T. Gibbs – wtg@corboydemetrio.com

　　　　　　　　　　　　　　　　　　　　　　/s/ Mark P. Miller