IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, Deceased, SOOHA AKKAD, individually; SUSAN GITELSON, Special Administrator of the Estate of RIMA AKKAD MONLA, deceased; and MICHAEL BUTLER,<br><br>Plaintiffs,<br><br>v.<br><br>H GROUP HOLDING, INC., a corporation; GLOBAL HYATT CORPORATION, a corporation; HYATT INTERNATIONAL CORPORATION, a corporation; HYATT CORPORATION, a corporation; HYATT HOTELS CORPORATION, a corporation; HYATT INTERNATIONAL (EUROPE AFRICA MIDDLE EAST) LLC; AIC HOLDING CO., a corporation; HYATT INTERNATIONAL HOLDINGS, CO., a corporation; HI HOLDINGS LUXEMBURG S.a.r.l.; ZARA INVESTMENT HOLDING CO.; and AMMAN TOURISM INVESTMENT CO., LTD.,<br><br>Defendants. | No. 07 C 6830<br><br>Judge John W. Darrah<br><br>Magistrate Susan E. Cox |

## DEFENDANTS H GROUP HOLDING, INC., GLOBAL HYATT CORPORATION, HYATT INTERNATIONAL CORPORATION, HYATT CORPORATION, HYATT HOTELS CORPORATION, AND HYATT INTERNATIONAL (EUROPE MIDDLE EAST AFRICA) LLC'S CONSOLIDATED MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendants H Group Holding, Inc., Global Hyatt Corporation, Hyatt International Corporation, Hyatt Corporation, Hyatt Hotels Corporation, and Hyatt International (Europe Middle East Africa) LLC (collectively, "the Defendants"), through their attorneys, respectfully move this Court to dismiss Plaintiffs' Amended Complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure and pursuant to the doctrine of *forum non*

*conveniens*, and to deny Plaintiffs' Motion for Remand. In support of their motion and in opposition to Plaintiffs' Motion to Remand, Defendants incorporate the accompanying memorandum of law and state as follows:

1. Plaintiffs filed this action in the Circuit Court of Cook County, Illinois, initially against only two American defendants, Global Hyatt Corporation ("Global Hyatt") and Hyatt International Corporation ("Hyatt International"). *See* Compl., attached as Exhibit B to accompanying Memorandum of Law. Global Hyatt and Hyatt International moved to dismiss the complaint on the grounds that, *inter alia*, neither Global Hyatt nor Hyatt International owned, operated, or managed the Hotel. Plaintiffs then amended their complaint, adding additional plaintiffs and additional defendants, including Hyatt Corporation, Hyatt Hotels Corporation ("Hyatt Hotels"), Hyatt EAME, and H Group Holding, Inc. ("H Group").[1] *See* Am. Compl., attached as Exhibit A to accompanying Memorandum of Law. Hyatt EAME removed the case to this Court, which has diversity jurisdiction over this matter despite the presence of several Illinois co-defendants ("Illinois Defendants").[2] *See* Notice of Removal, filed December 4, 2007. Plaintiffs have no possibility of recovering against any of the Illinois Defendants because they did not own, operate, or manage the Hotel. Consequently, Plaintiffs cannot establish the Illinois Defendants owed them a duty. Nor can Plaintiffs establish a cause of action against the Illinois Defendants under a theory of direct participation liability. Thus, Plaintiffs' joinder of the Illinois Defendants is fraudulent and cannot defeat diversity jurisdiction, and the Illinois Defendants should be dismissed from this action.

---

[1] Plaintiffs served only Global Hyatt and Hyatt International in the state court action. Hyatt EAME accepted service of the Amended Complaint on December 4, 2007. Hyatt Corporation, Hyatt Hotels, and H Group were also served in December and join this motion. "Defendants" refers only to Global Hyatt, Hyatt International, Hyatt Corporation, Hyatt Hotels, Hyatt EAME, and H Group.

[2] The Illinois Defendants are: Global Hyatt; Hyatt International; Hyatt Corporation; Hyatt Hotels, and H Group.

2.   Furthermore, this Court does not have personal jurisdiction over Hyatt EAME. Hyatt EAME, a Swiss corporation with its principal place of business in Switzerland, does not have sufficient contacts with Illinois to bring it within the jurisdiction of Illinois courts or Federal court located in Illinois. Because this Court lacks personal jurisdiction over Hyatt EAME, the case against Hyatt EAME should be dismissed.

3.   Moreover, although the Court does have subject matter jurisdiction over this case, the Amended Complaint should be dismissed in its entirety under *forum non conveniens* because the bombing occurred, and the evidence and witnesses are all located, in Amman, Jordan. Jordan is an adequate alternative forum for this dispute. In fact, other persons injured in the bombing have already filed pending lawsuits for damages in Jordan. Illinois is completely unconnected to this terrorist event and is an inconvenient and impractical forum for this case.

4.   Finally, the Amended Complaint should be dismissed on substantive grounds for failure to state a claim upon which relief may be granted. Illinois law carefully carves out very limited circumstances under which crime victims can state a cause of action for failure to prevent a criminal attack. Plaintiffs' allegations do not establish a cause of action for negligence. For the reasons stated above, Defendants respectfully urge this Court to dismiss the Plaintiffs' Amended Complaint against Defendants.

WHEREFORE, Defendants respectfully request that the Court enter an Order:

(1)   Dismissing the Amended Complaint in its entirety on either *forum non conveniens* or substantive grounds; or in the alternative,

(2)   Dismissing the Illinois Defendants from the case on fraudulent joinder grounds; or in the alternative,

(3)   Dismissing Hyatt EAME from the case for lack of personal jurisdiction; or

(4)   Any combination of the foregoing.

        Respectfully submitted,

By: /s/ Mark P. Miller
    One of the Attorneys for
    Defendants H Group Holding, Inc., Global Hyatt Corporation, Hyatt International Corporation, Hyatt Corporation, Hyatt Hotels Corporation, and Hyatt International (Europe Middle East Africa) LLC

H. Roderic Heard (1167170)
Mark P. Miller (6191128)
Lisa M. Fontoura (6273876)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, IL 60606-1229
(312) 201-2000

Dated: January 14, 2008

4

## CERTIFICATE OF SERVICE

I, Mark P. Miller, an attorney, state that I have served a copy of the foregoing *Defendants H Group Holding, Inc., Global Hyatt Corporation, Hyatt International Corporation, Hyatt Corporation, Hyatt Hotels Corporation, and Hyatt International (Europe Middle East Africa) LLC Consolidated Motion to Dismiss Plaintiff's Amended Complaint* to all counsel of record via electronic case filing system (CM/ECF) as indicated below, from 225 West Wacker Drive, Chicago, Illinois, 60606, on this 14th day of January 2008:

Thomas A. Demetrio – tad@corboydemetrio.com

William T. Gibbs – wtg@corboydemetrio.com

/s/ Mark P. Miller