# EXHIBIT B

#02329  TAD\mtm/rtp  9/10/2007                                                                                    2007S-0284

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, deceased, and SOOHA AKKAD, <br><br> Plaintiffs, <br><br> v. <br><br> GLOBAL HYATT CORPORATION, a corporation, and HYATT INTERNATIONAL CORPORATION, a corporation, <br><br> Defendants. | No. 07L-9489 <br><br> *Plaintiffs Demand Trial by Jury* |

## COMPLAINT AT LAW

### COUNT I

**Negligence - Wrongful Death**

Plaintiff, JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, deceased, complaining of defendants, GLOBAL HYATT CORPORATION, a corporation ("GLOBAL HYATT"), and HYATT INTERNATIONAL CORPORATION, a corporation ("HYATT"), states:

1. On November 9, 2005, three Iraqi suicide bombing militants set off deadly explosives in three hotels -- the Grand Hyatt Amman, the Radisson SAS and the Days Inn -- all located in Amman, Jordan.

2. The three suicide bombers, who were all killed as a result of their acts, were affiliated with al-Qaeda in Iraq and the Jordanian-born Abu Musab al-Zarqawi (real name Ahmad Fadeel al-Nazal al-Khalayleh) ("al-Zarqawi").

3. Rawad Jassem Mohammed Abed ("Abed") was the Grand Hyatt Amman suicide bomber.

4. On November 9, 2005, Global Hyatt and Hyatt operated and managed the Grand Hyatt Amman.

5. On and before November 9, 2005, the world headquarters for Grand Hyatt and Hyatt were, and currently are, located in Chicago, Illinois.

6. On November 9, 2005, the Grand Hyatt was one of the few hotels in Amman totally accessible from the street.

7. Prior to November 9, 2005, metal detectors were located at the entrance to the Grand Hyatt Amman, but said detectors had been removed by defendants prior to November 9, 2005.

8. On November 9, 2005, Moustapha Akkad was a registered guest at the Grand Hyatt Amman and was located in the lobby of said hotel when and where Abed detonated the explosives.

9. The bombings which took place at the three hotels, including the Grand Hyatt Amman, on November 9, 2005, were foreseeable to defendants for the following reasons:

   a. While in America, 9/11 corresponds to September 11th, in the Middle East, the month follows the day, thus, November 9th is noted in Jordan as 9/11;

   b. In 1992, al-Zarqawi was arrested and spent five years in a Jordanian prison for conspiring and threatening to overthrow the monarchy. He was also arrested for possessing explosives;

   c. Upon release from prison in 1999, al-Zarqawi was involved in an attempt to blow up the same Radisson SAS hotel in Amman which is located only 500 yards from the Grand Hyatt;

   d. In 2001, al-Zarqawi was arrested and released in Jordan, however, he was later convicted in absentia and sentenced to death for plotting the bombing at the Radisson SAS in 1999;

e. On October 28, 2002, Lawrence Foley, a senior U.S. diplomat working for the United States Agency for International Development in Jordan, was assassinated outside his home in Amman by assassins who had been armed and paid by al-Zarqawi. Al-Zarqawi was again sentenced to death in absentia in Jordan;

f. In April 2004, Jordanian authorities broke up an al-Zarqawi/al-Qaeda plot to use chemical weapons at the U.S. Embassy, the Jordanian Prime Minister's office and the headquarters of Jordanian intelligence, all located in Amman, Jordan;

g. On November 9, 2005, al-Zarqawi was the most wanted man in Jordan, having participated in or master-minded a number of violent actions against Iraq, Jordan and United States targets. Indeed, the United States Government had offered $25 million for information leading to his capture.

10. On November 9, 2005, Global Hyatt and Hyatt were negligent in one or more of the following respects:

a. Permitted and allowed unauthorized individuals and explosives easy access to the interior premises of said hotel;

b. In light of the foreseeability of a terrorist attack on 9/11, failed to responsibly protect its guests from criminal attack and violence;

c. Failed to provide metal detectors when defendants knew or should have known said metal detectors were required to insure the safety of its guests;

d. Failed to provide adequate security personnel and/or bomb-sniffing dogs when defendants knew or should have known that heightened security measures were required for the protection of its guests;

e. Failed to provide adequate security for the guests and business invitees, although a terrorist attack was reasonably foreseeable given the recent terrorist activity and anti-American sentiment in the region.

11. As a proximate result of one or more of said acts or omissions, Moustapha Akkad sustained injuries which resulted in his death on November 11, 2005.

3

12. At the time of his death, Moustapha Akkad left surviving him the following heirs: Sooha Akkad, his wife; Zade Akkad, his son; Tarek Akkad, his son; and Malek Akkad, his son; all of whom have suffered pecuniary loss as a result of the death of Moustapha Akkad

13. Jeffrey Siegel is the duly appointed Administrator of the Estate of Moustapha Akkad, deceased, and brings this action pursuant to 740 Illinois Compiled Statutes 10/81 *et seq.*, commonly known as the Wrongful Death Act.

WHEREFORE, plaintiff, JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, deceased, demands judgment against defendants, GLOBAL HYATT CORPORATION, a corporation, and HYATT INTERNATIONAL CORPORATION, a corporation, and each of them, for a sum in excess of the jurisdictional limits to bring this lawsuit in the Law Division of the Circuit Court of Cook County, Illinois, together with costs and interests.

## COUNT II

**Negligence - Survival Action**

Plaintiff, JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, deceased, complaining of defendants, GLOBAL HYATT CORPORATION, a corporation ("GLOBAL HYATT"), and HYATT INTERNATIONAL CORPORATION, a corporation ("HYATT"), states:

1. On November 9, 2005, three Iraqi suicide bombing militants set off deadly explosives in three hotels – the Grand Hyatt Amman, the Radisson SAS and the Days Inn – all located in Amman, Jordan.

2. The three suicide bombers, who were all killed as a result of their acts, were affiliated with al-Qaeda in Iraq and the Jordanian-born Abu Musab al-Zarqawi (real name Ahmad Fadeel al-Nazal al-Khalayleh) ("al-Zarqawi").

4

3. Rawad Jassem Mohammed Abed ("Abed") was the Grand Hyatt Amman suicide bomber.

4. On November 9, 2005, Global Hyatt and Hyatt operated and managed the Grand Hyatt Amman.

5. On and before November 9, 2005, the world headquarters for Grand Hyatt and Hyatt were, and currently are, located in Chicago, Illinois.

6. On November 9, 2005, the Grand Hyatt was one of the few hotels in Amman totally accessible from the street.

7. Prior to November 9, 2005, metal detectors were located at the entrance to the Grand Hyatt Amman, but said detectors had been removed by defendants prior to November 9, 2005.

8. On November 9, 2005, Moustapha Akkad was a registered guest at the Grand Hyatt Amman and was located in the lobby of said hotel when and where Abed detonated the explosives.

9. The bombings which took place at the three hotels, including the Grand Hyatt Amman, on November 9, 2005, were foreseeable to defendants for the following reasons:

    a. While in America, 9/11 corresponds to September 11th, in the Middle East, the month follows the day, thus, November 9th is noted in Jordan as 9/11;

    b. In 1992, al-Zarqawi was arrested and spent five years in a Jordanian prison for conspiring and threatening to overthrow the monarchy. He was also arrested for possessing explosives;

    c. Upon release from prison in 1999, al-Zarqawi was involved in an attempt to blow up the same Radisson SAS hotel in Amman which is located only 500 yards from the Grand Hyatt;

      d.      In 2001, al-Zarqawi was arrested and released in Jordan, however, he was later convicted in absentia and sentenced to death for plotting the bombing at the Radisson SAS in 1999;

      e.      On October 28, 2002, Lawrence Foley, a senior U.S. diplomat working for the United States Agency for International Development in Jordan, was assassinated outside his home in Amman by assassins who had been armed and paid by al-Zarqawi. Al-Zarqawi was again sentenced to death in absentia in Jordan;

      f.      In April 2004, Jordanian authorities broke up an al-Zarqawi/al-Qaeda plot to use chemical weapons at the U.S. Embassy, the Jordanian Prime Minister's office and the headquarters of Jordanian intelligence, all located in Amman, Jordan;

      g.      On November 9, 2005, al-Zarqawi was the most wanted man in Jordan, having participated in or master-minded a number of violent actions against Iraq, Jordan and United States targets. Indeed, the United States Government had offered $25 million for information leading to his capture.

10.      On November 9, 2005, Global Hyatt and Hyatt were negligent in one or more of the following respects:

      a.      Permitted and allowed unauthorized individuals and explosives easy access to the interior premises of said hotel;

      b.      In light of the foreseeability of a terrorist attack on 9/11, failed to responsibly protect its guests from criminal attack and violence;

      c.      Failed to provide metal detectors when defendants knew or should have known said metal detectors were required to insure the safety of its guests;

      d.      Failed to provide adequate security personnel and/or bomb-sniffing dogs when defendants knew or should have known that heightened security measures were required for the protection of its guests;

  e. Failed to provide adequate security for the guests and business invitees, although a terrorist attack was reasonably foreseeable given the recent terrorist activity and anti-American sentiment in the region.

11. As a proximate result of one or more of said acts or omissions, Moustapha Akkad sustained injuries of a personal and pecuniary nature which resulted in his death on November 11, 2005.

12. Had he survived, Moustapha Akkad would have been entitled to bring a cause of action on his own behalf, and this action survives him, pursuant to 755 Illinois Compiled Statutes 5/27-6, commonly known as the Survival Act.

13. Jeffrey Siegel is the duly appointed Administrator of the Estate of Moustapha Akkad, deceased, and brings this action pursuant to 755 Illinois Compiled Statutes 5/27-6, commonly known as the Survival Act.

WHEREFORE, plaintiff, JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, deceased, demands judgment against defendants, GLOBAL HYATT CORPORATION, a corporation, and HYATT INTERNATIONAL CORPORATION, a corporation, and each of them, for a sum in excess of the jurisdictional limits to bring this lawsuit in the Law Division of the Circuit Court of Cook County, Illinois, together with costs and interests.

## COUNT III

### Negligence - Personal Injury

Plaintiff, SOOHA AKKAD, complaining of defendants, GLOBAL HYATT CORPORATION, a corporation ("GLOBAL HYATT"), and HYATT INTERNATIONAL CORPORATION, a corporation ("HYATT"), states:

7

1. On November 9, 2005, three Iraqi suicide bombing militants set off deadly explosives in three hotels – the Grand Hyatt Amman, the Radisson SAS and the Days Inn – all located in Amman, Jordan.

2. The three suicide bombers, who were all killed as a result of their acts, were affiliated with al-Qaeda in Iraq and the Jordanian-born Abu Musab al-Zarqawi (real name Ahmad Fadeel al-Nazal al-Khalayleh) ("al-Zarqawi").

3. Rawad Jassem Mohammed Abed ("Abed") was the Grand Hyatt Amman suicide bomber.

4. On November 9, 2005, Global Hyatt and Hyatt operated and managed the Grand Hyatt Amman.

5. On and before November 9, 2005, the world headquarters for Grand Hyatt and Hyatt were, and currently are, located in Chicago, Illinois.

6. On November 9, 2005, the Grand Hyatt was one of the few hotels in Amman totally accessible from the street.

7. Prior to November 9, 2005, metal detectors were located at the entrance to the Grand Hyatt Amman, but said detectors had been removed by defendants prior to November 9, 2005.

8. On November 9, 2005, Sooha Akkad was a registered guest at the Grand Hyatt Amman and was located in the lobby of said hotel when and where Abed detonated the explosives.

9. The bombings which took place at the three hotels, including the Grand Hyatt Amman, on November 9, 2005, was foreseeable to defendants for the following reasons:

    a. While in America, 9/11 corresponds to September 11th, in the Middle East, the month follows the day, thus, November 9th is noted in Jordan as 9/11;

8

    b.    In 1992, al-Zarqawi was arrested and spent five years in a Jordanian prison for conspiring and threatening to overthrow the monarchy. He was also arrested for possessing explosives;

    c.    Upon release from prison in 1999, al-Zarqawi was involved in an attempt to blow up the same Radisson SAS hotel in Amman which is located only 500 yards from the Grand Hyatt;

    d.    In 2001, al-Zarqawi was arrested and released in Jordan, however, he was later convicted in absentia and sentenced to death for plotting the bombing at the Radisson SAS in 1999;

    e.    On October 28, 2002, Lawrence Foley, a senior U.S. diplomat working for the United States Agency for International Development in Jordan, was assassinated outside his home in Amman by assassins who had been armed and paid by al-Zarqawi. Al-Zarqawi was again sentenced to death in absentia in Jordan;

    f.    In April 2004, Jordanian authorities broke up an al-Zarqawi/al-Qaeda plot to use chemical weapons at the U.S. Embassy, the Jordanian Prime Minister's office and the headquarters of Jordanian intelligence, all located in Amman, Jordan;

    g.    On November 9, 2005, al-Zarqawi was the most wanted man in Jordan, having participated in or master-minded a number of violent actions against Iraq, Jordan and United States targets. Indeed, the United States Government had offered $25 million for information leading to his capture.

10.    On November 9, 2005, Global Hyatt and Hyatt were negligent in one or more of the following respects:

    a.    Permitted and allowed unauthorized individuals and explosives easy access to the interior premises of said hotel;

    b.    In light of the foreseeability of a terrorist attack on 9/11, failed to responsibly protect its guests from criminal attack and violence;

9

    c.    Failed to provide metal detectors when defendants knew or should have known said metal detectors were required to insure the safety of its guests;

    d.    Failed to provide adequate security personnel and/or bomb-sniffing dogs when defendants knew or should have known that heightened security measures were required for the protection of its guests;

    e.    Failed to provide adequate security for the guests and business invitees, although a terrorist attack was reasonably foreseeable given the recent terrorist activity and anti-American sentiment in the region.

11. As a proximate result of one or more of said acts or omissions, Sooha Akkad sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, SOOHA AKKAD, demands judgment against defendants, GLOBAL HYATT CORPORATION, a corporation, and HYATT INTERNATIONAL CORPORATION, a corporation, and each of them, for a sum in excess of the jurisdictional limits to bring this lawsuit in the Law Division of the Circuit Court of Cook County, Illinois, together with costs and interests.

_____
Thomas A. Demetrio

Thomas A. Demetrio
Daniel M. Kotin
William T. Gibbs
CORBOY & DEMETRIO, P.C.
Attorneys for Plaintiffs
33 North Dearborn Street, Suite 2100
Chicago, Illinois 60602
312-346-3191
Firm I.D. No. 02329

Browne Greene
Geoffrey S. Wells
GREENE, BROILLET & WHEELER, LLP
Attorneys for Plaintiffs
100 Wilshire Road, 21st Floor
Santa Monica, California 90407-2131
310-576-1200