# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, Deceased, SOOHA AKKAD, individually; SUSAN GITELSON, Special Administrator of the Estate of RIMA AKKAD MONLA, deceased; and MICHAEL BUTLER,<br><br>        Plaintiffs,<br><br>v.<br><br>H GROUP HOLDING, INC., a corporation; GLOBAL HYATT CORPORATION, a corporation; HYATT INTERNATIONAL CORPORATION, a corporation; HYATT CORPORATION, a corporation; HYATT HOTELS CORPORATION, a corporation; HYATT INTERNATIONAL (EUROPE AFRICA MIDDLE EAST) LLC; AIC HOLDING CO., a corporation; HYATT INTERNATIONAL HOLDINGS, CO., a corporation; HI HOLDINGS LUXEMBOURG S.a.r.l.; ZARA INVESTMENT HOLDING CO.; and AMMAN TOURISM INVESTMENT CO., LTD.,<br><br>        Defendants. | No. 07 C 6830<br><br>Judge John W. Darrah<br><br>Magistrate Judge Susan E. Cox |

**AFFIDAVIT OF MARY TURILLI
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Mary Turilli, being duly sworn, deposes and states as follows:

1. I am currently a Vice President of Hyatt Hotels Corporation ("Hyatt Hotels"), an indirect subsidiary of Global Hyatt Corporation ("Global Hyatt"). My current role is in the Real Estate and Development Group of Global Hyatt in the Corporate Transactions Group. My duties

require extensive familiarity with the corporate structure of Global Hyatt and its subsidiaries, and with the Management Agreements between various Global Hyatt subsidiaries and owners of hotels that operate under the "Hyatt" name. I have been in my current role since September 2007. Prior to September 2007, my title was Director of Legal Services and Compliance, Legal Department, a position that I served in for about two years. My primary responsibility as Director was oversight of the corporate records of Global Hyatt and its subsidiaries. In total, I have been an employee of subsidiaries of Global Hyatt for over 25 years. Throughout those years, I have served in a variety of roles that caused me to be familiar with the corporate structure of Global Hyatt and its subsidiaries. Accordingly, I have personal knowledge of the matters set forth in the Affidavit. I am competent to testify completely and accurately as to all such matters if called as a witness.

2.   As further detailed in paragraphs 3 through 12 below, the five named Illinois defendants in this case—H Group Holding, Inc. ("H Group"), Global Hyatt, Hyatt International Corporation ("Hyatt International"), Hyatt Corporation, and Hyatt Hotels—neither owned, operated, nor managed the Grand Hyatt Amman in Amman, Jordan (the "Hotel") at any time. The owner of all of the real estate, personal property, and intangible assets of the Hotel is Amman Tourism Investment Company Ltd., a Jordanian entity (the "Owner"). None of the named Illinois defendants own, directly or indirectly, any interest in the Owner's company. In fact, H Group, Global Hyatt, Hyatt International and Hyatt Hotels do not directly manage or own any individual hotels. While Hyatt Corporation does directly manage individual hotels, it does not manage any hotel outside the United States, Canada or the Caribbean.

3.  Prior to the formation of Global Hyatt Corporation on August 4, 2004,[1] there were two separate and distinct groups of companies with separate and distinct ownership that included entities that managed hotels under the "Hyatt" name. H Group was the parent company of the group of companies that included entities that managed Hyatt hotels in the United States, Canada, and the Caribbean. Hyatt Corporation was an indirect subsidiary of H Group prior to June 30, 2004, and Hyatt Hotels Corporation was a direct subsidiary of Hyatt Corporation prior to June 30, 2004 (and remains a direct subsidiary of Hyatt Corporation today). AIC Holding Co. ("AIC") was the parent company of the group of companies that included entities that managed hotels outside of the United States, Canada, and the Caribbean. Effective June 30, 2004, the entity H Group was separated from Hyatt Corporation and its subsidiaries, and as of that date, it ceased to have any corporate relationship to the entities that manage Hyatt hotels in the United States, Canada, or the Caribbean (nor had it ever had a corporate relationship to the entities that managed Hyatt hotels outside the United States, Canada or the Caribbean). Effective August 4, 2004, Global Hyatt was formed. Global Hyatt became the parent company of AIC (and its subsidiaries) and Hyatt Corporation (and its subsidiaries) on December 30, 2004. In 1994, Hyatt International (Europe Africa Middle East) LLC ("Hyatt EAME"), a company organized in Switzerland with its principal place of business at that time in Lausanne, Switzerland (recently relocated to Zurich, Switzerland), signed a management agreement with the Owner.

4.  On November 9, 2005 there was no corporate relationship between H Group and any of the entities that manage hotels under the Hyatt name. On November 9, 2005 H Group was governed by a separate Board of Directors, maintained separate books and records and separate bank accounts from all of these entities that manage hotels under the Hyatt name.

---

[1] Global Hyatt, Inc. was the name of the entity when it incorporated August 4, 2004 in Delaware. The name was changed to Global Hyatt Corporation October 13, 2004.

3

5. On November 9, 2005 there were five (5) tiers of corporate entities between Global Hyatt and Hyatt EAME; and there were three (3) tiers of corporate entities between Hyatt International and Hyatt EAME. Global Hyatt was the parent company of AIC, a Delaware corporation. AIC was the parent company of Hyatt International. Hyatt International was the parent company of Hyatt International Holdings Co. ("Hyatt International Holdings"), a Delaware corporation. Hyatt International Holdings was the parent company of HI Holdings Luxembourg S.a.r.l., a Luxembourg company, which owned all of the interest in Hyatt EAME.

6. Hyatt EAME was not on November 9, 2005, and has never been, a direct or indirect subsidiary or parent of Hyatt Corporation or Hyatt Hotels. As described above, prior to the formation of Global Hyatt, Hyatt Corporation and its subsidiary Hyatt Hotels were part of the group of companies that included entities that managed hotels in the United States, Canada and the Caribbean, whereas Hyatt EAME was part of the group of companies that included entites that managed hotels outside the United States, Canada and the Caribbean. After the formation of Global Hyatt, Hyatt Corporation continued managing hotels in the United States, Canada and the Caribbean, but not in other parts of the world.

7. Hyatt EAME is not licensed to do business in Illinois, and it has no offices, employees, bank accounts, or property (real or personal) in the state. Hyatt EAME has not advertised or solicited business in Illinois, nor has it designated an agent for service of process in the state.

8. Hyatt EAME observes all formal legal requirements of a Swiss company. Hyatt EAME's books and accounting records are kept at its headquarters in Zurich, Switzerland. The books and records of Global Hyatt and Hyatt International are maintained at their offices in Chicago, Illinois.

4

9.  Global Hyatt, Hyatt International and Hyatt EAME are governed by separate Boards of Directors (or in the case of Hyatt EAME, a Swiss Board of Managers). The Boards of Directors of Global Hyatt and Hyatt International conduct their meetings separately, at different times and locations than the Board of Managers of Hyatt EAME.

10. Hyatt EAME, Global Hyatt, and Hyatt International each maintain separate bank accounts. Hyatt EAME does not co-mingle its funds with those of Global Hyatt or Hyatt International. Hyatt EAME's assets are more than sufficient to satisfy any potential adverse judgment in this case.

11. Most of Hyatt EAME's business is with companies other than Global Hyatt and Hyatt International. For example, much of Hyatt EAME's business is with individual hotel owners such as Amman Tourism Investment Co. Ltd. Hyatt EAME has executed several management agreements with owners of hotels located in Europe, Africa, and the Middle East.

FURTHER AFFIANT SAYETH NAUGHT.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Mary Turilli

Executed on: January 11, 2008