# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, Deceased, SOOHA AKKAD, individually; SUSAN GITELSON, Special Administrator of the Estate of RIMA AKKAD MONLA, Deceased; and MICHAEL BUTLER,<br><br>Plaintiffs,<br><br>v.<br><br>H GROUP HOLDING, INC., a corporation; GLOBAL HYATT CORPORATION, a corporation; HYATT INTERNATIONAL CORPORATION, a corporation; HYATT CORPORATION, a corporation; HYATT HOTELS CORPORATION, a corporation; HYATT INTERNATIONAL (EUROPE AFRICA MIDDLE EAST) LLC; AIC HOLDING CO., a corporation; HYATT INTERNATIONAL HOLDINGS, CO., a corporation; HI HOLDINGS LUXEMBUG S.a.r.l.; ZARA INVESTMENT HOLDING CO.; and AMMAN TOURISM INVESTMENT CO., LTD.,<br><br>Defendants. | No. 07 C 6830<br><br>Judge John W. Darrah<br><br>Magistrate Judge Susan E. Cox |

**AFFIDAVIT OF ATTORNEY FIRAS IBRAHIM BAKR IBRAHIM
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Firas Ibrahim Bakr Ibrahim, being duly sworn, deposes and states as follows:

1. This information in this Affidavit is based upon my personal knowledge, and if called to testify, I could competently testify as set forth herein.

2. I am a Senior Partner of the Ibrahim Bakr Law Office in Amman, Jordan. I was admitted to the Jordan Bar in 1991 and am currently licensed to practice law in Jordan.

3. Jordanian law allows people injured, and the families of those who are killed, in Jordan as result of another's negligence to file a lawsuit in Jordan to recover monetary damages from that other person or entity. By filing a lawsuit in Jordan's court system, victims of the Amman, Jordan bombings are able to seek monetary damages, including monetary damages from the owners, operators and managers of the Grand Hyatt Amman for their alleged negligence that allegedly caused the injuries and deaths from the bombings at the hotel.

4. Jordan's civil judiciary is a three-tiered system, consisting of Courts of First Instance, Courts of Appeal, and the Court of Cassation.

1) Magistrate Courts and Courts of First Instance are trial courts. Magistrate Courts may only hear misdemeanors and civil cases involving small claims. Courts of First Instance exercise general jurisdiction over civil and certain defined criminal matters in accordance with the law of Jordan and have jurisdiction over all persons and all matters civil and criminal, with the exception of those specially allocated to Magistrate Courts or the Grand Felonies Court or the State Security Court. One judge hears and decides civil cases, without a jury.

2) The Courts of Appeal hear appeals from the Courts of First Instance and Magistrate Courts. Appeals are heard by a three judge panel. The Courts of Appeal must accept any case properly appealed. Jurisdiction is geographical. A Court of Appeal can entertain an appeal on the ground that the lower court made incorrect factual findings or an incorrect application of law. In general, appeals must be made within thirty days of judgment.

3) The Court of Cassation is the primary court of last resort in Jordan. It has the sole power to confirm or overturn lower appellate court decisions. The Court of Cassation must accept any case properly appealed provided that the amount of the case exceeds JOD 10,000. If, however, the amount of the case is less than JOD 10,000 the prior approval of the Head of the Court of Cassation must be obtained. The approval will only be granted if it is decided that that there are complicated legal issues that merit referral of the case to the Court of Cassation. Ordinarily, a panel of five judges will review an appeal of a civil case. The panel may overturn a lower court decision if it concludes that the lower court violated a principle of law or procedure. While the panel does not decide questions of fact, it may overturn a lower court decision if the lower court erred in drawing the appropriate findings on the basis of established facts or erred in discerning certain facts.

5.  It is my understanding that an entity known as Hyatt International (Europe Africa Middle East) LLC ("Hyatt EAME") was managing the Grand Hyatt Amman Hotel at the time of the bombings, and that the hotel was owned by a Jordanian entity known as Amman Tourism Investment Co., Ltd. The Court of First Instance has jurisdiction and authority over Hyatt EAME and Amman Tourism Investment Co., Ltd. to hear negligence claims from bombing victims for money damages. The Courts of Appeal and the Court of Cassation would likewise have jurisdiction and authority over those same parties.

6.  Two negligence cases arising from the November 9, 2005 terrorist bombing of the Grand Hyatt Amman have been filed against Amman Tourism Investment Co., Ltd. and others in the Court of First Instance in Amman. True and accurate copies of those lawsuits are attached to this Affidavit.

FURTHER AFFIANT SAYETH NAUGHT.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Firas Ibrahim Bakr Ibrahim, Attorney at Law

Executed on: 12 January 2008

3

بسم الله الرحمن الرحيم



Adoycate
Ali Aldariy
Yamen Ali Aldariy

نظامي-شرعي

لدى محكمة بداية حقوق عمان الموقرة

المدعون :

١ ـ صبحية حمدان مصطفى حمدان , بصفتها الشخصية وبصفتها من ورثة أبنها المتوفي أرقم حسين عبد الرحيم مصطفى بالأضافة الى التركة , وذلك بموجب حجة الأرث رقم ٦٩ / ٧ / ٤٥٧ تاريخ ١٤ / ١١ / ٢٠٠٥ , والصادرة عن قاضي محكمة الرصيفة الشرعي , رقم وطني ( ٩٤٦٢٠١٢٣٤٣ ) .

٢ـ ختام فرحان عبد الرحيم عمر بصفتها الشخصية وبصفتها من ورثة المتوفي أرقم حسين عبد الرحيم مصطفى بالأضافة الى تركة مؤرثها ( زوجها أرقم المرحوم ) , بموجب حجة الأرث رقم ٦٩ / ٧ / ٤٥٧ تاريخ ١٤ / ١١ / ٢٠٠٥ , رقم وطني ( ٩٧٢٢٠٢٣٦١٥ )

٣ ـ أبناء المتوفي أرقم حسين عبد الرحيم مصطفى بصفتهم الشخصية وبصفتهم من ورثة المتوفي بالأضافة الى تركة والدهم المرحوم أرقم , بموجب حجة الأرث رقم ٦٩ / ٧ / ٤٥٧ , يمثلهم الوصي الشرعي كونهم قصرا" والدتهم ختام فرحان عبد الرحيم عمر بموجب حجة الوصاية رقم ٢٥ / ١٧٣ / ١٧٣ تاريخ ١٤ / ١١ / ٢٠٠٥ الصادرة عن فضيلة قاضي محكمة الرصيفة الشرعي , وهم

١ ـ شهد , رقم وطني ( ٩٩٤٢٠١٨٦٨٨ ) مواليد ٢٧ / ٢ / ١٩٩٤
٢ـ زيد , رقم وطني ( ٩٩٥١٠٤٨٠١٦ ) مواليد ٦ / ١٢ / ١٩٩٥
٣ ـ أياس , رقم وطني ( ٩٩٧٢٠٥٩٩٧٥ ) مواليد ١ / ١٢ / ١٩٩٧
٤ ـ يزن , رقم وطني ( ٢٠٠٠٦١٠٢٨٩ ) مواليد ٣٠ / ١ / ٢٠٠٣
٥ ـ رند , رقم وطني ( ٢٠٠٠٩٧٤٣٩٩ ) مواليد ٤ / ١ / ٢٠٠٥

وهم جميعا أبناء أرقم حسين عبد الرحيم مصطفى , الذي أستشهد في أنفجار ٩ / ١١ / ٢٠٠٥ , في فندق جراند حياة عمان .

وعنوانهم جميعا : الرصيفة / حي الحسين / قرب مدارس الوكالة / وكلائهم جميعا المحاميان علي الديري وياسن الديري .

المدعى عليهم :

١ـ شركة عمان للأستثمار السياحي ذات المسؤولية المحدودة , المسجلة في سجل الشركات تحت الرقم ٣٠٠٤ بتاريخ ٢٢ / ١١ / ١٩٩٢ , بصفتها مالكة للأسم التجاري فندق جراند حياة عمان , وبصفتها مالكة للعقار الذي يشغله فندق جراند حياة عمان , وعنوانها / جبل عمان / شارع الملكة مصباح / منطقة زهران

٢ ـ فندق جراند حياة عمان , المسجل تحت الرقم ٧٧٠٥٢ تاريخ ١٨ / ٢ / ١٩٩٩ في سجل الأسماء التجارية , وعنوانه / جبل عمان / الدوار الثالث / شارع الحسين بن علي

٣ـ شركة التأمين الأردنية وعنوانها / جبل عمان / الدوار الثالث / خلف مستشفى عمان الجراحي

١
عمان ـ المهاجرين ـ ص . ب . ٣٢١٣ رمز بريدي ١١١٦ المكتب ـ تلفاكس ٤٦٤٦٩٤٥
عمان ـ الدوار الثاني ص.ب. ٣٢١٣ رمز بريدي ١١١٦ المكتب ـ تلفاكس
موبايل : ٠٧٩٥٧٥٧٦٨٩ / ٠٧٩٥٧٧١٢٧٧
E-mail :- yamen27380@hotmail.com

بسم الله الرحمن الرحيم

| | | |
|---|---|---|
| المحاميان |  | Adoycate |
| علي الديري | نظامي-شرعي | Ali Aldariy |
| يامن علي الديري | | Yamen Ali Aldariy |

موضوع الدعوى :

مطالبة المدعى عليهم بالتكافل والتضامن بمبلغ ٣٠١٠ دنانير لغايات الرسوم كتعويض للمدعين عن الأضرار المادية والمعنوية التي ألمت بهم جراء مقتل مؤرثهم أرقم حسين عبد الرحيم مصطفى

الوقائع :

١ – المدعية الأولى صبحية هي والدة المغدور أرقم حسين عبد الرحيم مصطفى , الذي قتل جراء الانفجار الأرهابي الأسود , الذي وقع في فندق جراند حياة عمان في يوم ٩ / ١١ / ٢٠٠٥ , حيث كان المغدور أحد زبائن الفندق في ذلك اليوم , وبوفاته فقدت المدعية معيلها الوحيد , كما عانت الألم الشديد جراء فقدانها لأبنها المرحوم .

٢ – المدعية الثانية هي زوجة المتوفي أرقم حسين عبد الرحيم مصطفى , والذي ترك لها خمسة أطفال قصر لامعيل لهم .

٣ – أما المدعيين الأخرين فهم أبناء المتوفي أرقم وهم جميعا قصرا , فقدوا والدهم ومعيلهم , وهم يعيشون أقسى ظروف الحياة كأيتام ليس لهم سوى الله سبحانه وتعالى

٤ – المدعى عليها الأولى شركة عمان للأستثمار السياحي , هي مالكة فندق جراند حياة عمان , وهي ايضا مالكة العقار الذي يشغله فندق جراند حياة عمان ,

٥ – المدعى عليه الثاني فندق جراند حياة عمان , وهو الفندق الذي حدث فيه الانفجار الأرهابي يوم ٩ / ١١ / ٢٠٠٥ , والذي أودى بحياة العديد من زبائن الفندق وأصيب أخرون أصابات شديدة نتيجة أهمال الفندق بعدم تقيده بالأنظمة والتعليمات الصادرة أليه من الجهات الأمنية ووزارة السياحة والتي تقضي بأتخاذ الفندق الأجراءات الأمنية ومنها وجود جهاز أمن خاص للفندق يقوم بالحفاظ على حياة الزبائن وسلامتهم من تفتيش لهم وحقائبهم وتركيب أجهزة مراقبة وباب الكتروني بالأنذار وغيرها من أدوات السلامة العامة وخاصة في ظل تهديد الأرهاب العلني بضرب الأقتصاد والسياحة في الأردن كما حدث في مصر وأسبانيا وأيطاليا والمغرب وغيرها من دول الجوار والعالم

٦ – أن أهمال المدعى عليه بعدم أتخاذ أي أجراءات لسلامة الزبائن وحمايتهم هو السبب المباشر لتمكن الأرهابي من دخول الفندق وقيامه بالتفجير والتسبب بالقتل والأصابة , وفي نفس الوقت وفي نفس يوم التفجير حاول أرهابي أخر دخول فندق الديز ان لأجراء تفجير مماثل ألا أنه فشل بعد أن تم كشفه قبل دخول الفندق من قبل رجال أمن الفندق وأجهزة التفتيش المثبتة في مدخل الفندق , حيث حاول الهرب , ألا أنه وبعد أن شعر بقرب القبض عليه فجر نفسه غير مأسوف

عمان – المهاجرين – ص . ب . ٣٢١٣ رمز بريدي ١١١٦ المكتب – تلفاكس ٤٦٤٦٩٤٥
عمان – الدوار الثاني ص. ب. ٣٢١٣ رمز بريدي ١١١٦ المكتب – تلفاكس
موبايل : ٠٧٩٥٧٥٧٦٨٩ / ٠٧٩٥٧٧١٢٧٧
E-mail :- yamen27380@hotmail.com

بسم الله الرحمن الرحيم

| |  | |
|---|---|---|
| Adoycate<br>Ali Aldariy<br>Yamen Ali Aldariy | نظامي-شرعي | المحاميان<br>علي الديري<br>يامن علي الديري |

عليه ولم يصب أي أحد من زبائن الفندق داخله أو خارجه وسبب ذلك كما أسلفنا هو تقيد فندق الديز ان بالحرص واليقظة والتعليمات المتعلقة بضرورة اتخاذ أجراءات الأمن الموجبة

وكان معالي وزير الداخلية السيد عوني يرفاس قد أجتمع في نهاية شهر ٨ / ٢٠٠٥ بمدراء الفنادق في الأردن , وقد أوعز أليهم بضرورة أتخاذ كافة أجراءات الأمن والسلامة في فنادقهم لحمايتهم وزبائنهم من أعمال أرهابية متوقعة , فمنهم من أتبع تعليمات معالي وزير الداخلية فأفشل الأرهاب كفندق الديز ان ومنهم من أهملها ومكن بذلك الأرهاب من تحقيق أهدافه الأجرامية كما حدث في الفندق المدعى عليه الثاني ,
كما أن تعليمات وزارة السياحة والآثار توجب أساسا على جميع المنشأت الفندقية والسياحية أتخاذ كافة أجراءات الأمن والسلامة لحماية زبائنها

٧ ـ أما المدعى عليها الثالثة وهي شركة التأمين الأردنية فهي الجهة المؤمنة للمدعى عليهما وخاصة التأمين ضد الغير كما أشترطت وزارة السياحة والآثار ذلك

٨ ـ أن الأمن الأردني , وخاصة جهاز المخابرات العامة قد أثبتوا تفوقهم وتفانيهم في السهر والتضحية من أجل ردع الأرهاب والتخريب , فأحبطوا معظم عمليات الأرهاب وهي في مهدها , فسيق الكثير من المجرمين الى محكمة أمن الدولة التي أصدرت أحكامها العلنية بحقهم , فأدانت المجرم وبرأت البرئ , وكانت أجهزة الأعلام تنشر علنا هذه الأحكام وقبلها كانت تنشر على صفحاتها جميع أجراءات المحاكمات العلنية , وهذا ينفي أي زعم بأن التفجيرات كانت مفاجئة وغير متوقعة , كما ينفي أي زعم بأن هذه التفجيرات قد قام بها شخص ثالث مما يكون مبررا لأعفاء المهمل من مسؤليته المدنية , فالمقصر أولى بالخسارة والأهمال هو سبب مباشر لأستشهاد وأصابة الكثيرين ومنهم مؤرث المدعيين ,
أن جلالة الملك المغفور له بأذن الله الحسين بن طلال رحمه الله رفع وتبنى عنوانا عظيما وهو أن الأنسان أغلى مانملك وقد طبق هذا القول بالفعل رحمه الله
وبفضل توجيهات وتعليمات وأشراف جلالة الملك عبدالله الثاني المفدى أستطاع جهاز المخابرات العامة أن يحمي هذا البلد من شر الأرهاب والأجرام الذي يعم العالم بأجمعه , ولولا أماكن الضعف الأمني في المنشآت الفندقية الناجم عن أهمالها بعدم أعارة هذا الأمر أهتماما لما تمكن الأرهاب من وجود أي مكان لأجرامه في هذه البلد

لما تقدم و حيث أن اهمال المدعى عليهم بعدم اتخاذهم اية رقابة امنية فندقية للزبائن , و عدم اتخاذ اية اجراءات امن وسلامة كما اوجب الواقع والقانون عليهم اتخاذها , وعدم اتباع تعليمات معالي وزير الداخلية وقبل ذلك تعليمات وزارة السياحة كانت السبب المباشر في وفاة مؤرث المدعيين وغيره ممن استشهدوا او اصيبوا يوم ٢٠٠٥/١١/٩ , حيث كان التفجير غير مفاجىء , ومتوقع , ولا مجال للاخذ بأي مبرر قد يعفي المدعى عليهم من المسؤلية المدنية على سند من القول ان
٣

عمان ـ المهاجرين ـ ص . ب . ٣٢١٣ رمز بريدي ١١١٦ المكتب ـ تلفاكس ٤٦٤٦٩٤٥
عمان ـ الدوار الثاني ص. ب. ٣٢١٣ رمز بريدي ١١١٦ المكتب ـ تلفاكس
موبايل : ٠٧٩٥٧٥٧٦٨٩ / ٠٧٩٥٧٧١٢٧٧
E-mail :- yamen27380@hotmail.com

بسم الله الرحمن الرحيم

| | | |
|---|---|---|
| Adoycate<br>Ali Aldariy<br>Yamen Ali Aldariy | <br>نظامي-شرعي | المحاميان<br>علي الديري<br>يامن علي الديري |

العمل الاجرامي قد جاء من طرف ثالث , وقياسا ولو افترضنا جدلا" ان احد الزبائن كان ينام في غرفته في الفندق , فتسلل اليها لص او مجرم فقام بسرقته او قتله , فهل ذلك يعفي الفندق من مسؤوليته المدنية على سند من القول ان هذا المجرم قد تسلل الى الفندق من خارجه , او ليست مسوولية الفندق حماية امن هذا الشخص ؟؟؟؟؟؟؟؟؟؟ ام ان المطلوب من هذا الشخص ان يبقى صاحيا وساهرا حتى الصباح ومتسلح بما قد يحميه من السرقة او الموت ,,,, وهل هذا يتوافق مع العقل والمنطق ,,,, لو كان الامر هكذا لما ارتاد شخص ما فندق ما ابدا ,,,,,,,,

الطلب :   وحيث ان مسؤولية المدعى عليهم المدنية ثابتة  جراء أهمالهم بحماية زبائنهم  فاننا نلتمس :

1ـ تبليغ المدعى عليهم نسخة من لائحة الدعوى وقائمة البنات المرفقة
2ـ وبعد المحاكمة والثبوت , الحكم بالزام المدعى عليهم بالتكافل والتضامن بـأن يدفعوا للجهة المدعية  التعويض  العادل ووفق ما تقرره الخبرة عما لحق بهم من اضرار مادية ومعنوية  جرّاء موت مؤرثهم  ومعيلهم الوحيد مع الفائدة القانونية من تاريخ  الاستحقاق وحتى السداد التام ,
3ـ تضمين المدعى عليهم الرسوم والمصاريف والاتعاب

وتفضلوا بقبول فائق الاحترام

وكيلا المدعيين / المحاميان
علي الديري ويامن الديري

عمان – المهاجرين – ص . ب . 3213 رمز بريدي 1116 المكتب – تلفاكس 464945
عمان – الدوار الثاني ص. ب. 3213 رمز بريدي 1116 المكتب – تلفاكس
موبايل : 0795757689 / 0795771277
E-mail :- yamen27380@hotmail.com

بسم الله الرحمن الرحيم

Advocate

Ali.Aldairy

Yamen.Adairy





لدى مقام محكمة بداية حقوق عمان الموقرة

**المدعون :**

1 – فداء حمدان صالح صالح / بصفتها الشخصية وبصفتها من ورثة زوجها الشهيد مثنى حسين عبد الرحيم مصطفى , وبصفتها الوصي الشرعي عن ابنتيها من المرحوم زوجها , نور وعلا , بموجب حجة الوصاية الشرعية رقم 25 / 172 / 172 تاريخ 14 / 11 / 2005 الصادرة عن رئيس محكمة الرصيفة الشرعي أضافة إلى التركة / رقم وطني 9742044299

2 – صبحية حمدان مصطفى حمدان بصفتها الشخصية وبصفتها من ورثة أبنها المرحوم مثنى حسين عبد الرحيم مصطفى أضافة إلى التركة / رقم وطني 9462012343

3 – عبادة حسين عبد الرحيم مصطفى بصفته الشخصية وبصفته من ورثة شقيقه مثنى حسين عبد الرحيم مصطفى بالأضافة إلى التركة / رقم وطني 9811044199

4 – أبناء المرحوم مثنى حسين عبد الرحيم مصطفى بصفتهم الشخصية وبصفتهم من ورثة والدهم المرحوم مثنى بالأضافة إلى التركة يمثلهم كونهم قاصرين , الوصي الشرعي عنهم والدتهم فداء حمدان صالح حمدان بموجب حجة حصر الأرث رقم 71 / 40 / 355 تاريخ 26 /7 / 2006 الصادرة عن رئيس محكمة الرصيفة الشرعي وهم :

1 – نور مثنى حسين عبد الرحيم مواليد 7 / 7 /2000

2 – علا مثنى حسين عبد الرحيم مواليد 20 / 10 / 2002

وعنوانهم جميعا , الرصيفة / حي الحسين / قرب مدارس الوكالة , باستثناء المدعية فداء وأولادها القصر المقيمون في الأمارات المتحدة / دبي , يمثلهم جميعا المحاميان علي الديري ويامن الديري / عمان

**المدعى عليهم :**

1 – شركة عمان للاستثمار السياحي ذات المسؤولية المحدودة , المسجلة في سجل الشركات تحت الرقم 3004 بتاريخ 22 / 11 / 1992 بصفتها الاعتبارية وبصفتها مالكة للأسم التجاري ( فندق جراند حياة عمان ) وبصفتها مالكة للعقار الذي يشغله فندق جراند حياة عمان , وعنوانها : جبل عمان / شارع الملكة مصباح / منطقة زهران

Advocate

Ali.Aldairy

Yamen.Adairy



بسم الله الرحمن الرحيم

2 – فندق جراند حياة عمان , المسجل تحت الرقم 77052 تاريخ 18 / 2 / 1999 في سجل الأسماء التجارية لدى وزارة التجارة والصناعة وعنوانه : جبل عمان / الدوار الثالث / شارع الحسين بن علي

موضوع الدعوى : -

مطالبة المدعى عليهم بالتكافل والتضامن بمبلغ 3010 دنانير لغايات الرسوم كتعويض عن الأضرار المادية والمعنوية التي لحقت وألمت بورثة الشهيد المرحوم مثنى حسين عبد الرحيم مصطفى ووفق ما تقدره الخبرة مع الرسوم والمصاريف والأتعاب والفائدة القانونية

الوقائع  : -

1- المرحوم مثنى حسين عبد الرحيم مصطفى , كان قد استشهد يوم 2005/11/9 في فندق جراند حياة عمان جراء الانفجار الإرهابي الأسود وبسبب تقصير وأهمال المدعى عليهم في اتخاذ الإجراءات الأمنية المتوجبة .

2- المدعى عليها الأولى تملك الاسم التجاري فندق جراند حياة عمان وفق قيود السجل التجاري لدى وزارة التجارة والصناعة وهي أيضا مالكة العقار الذي يشغله فندق جراند حياة عمان

3- المدعى عليه الثاني ( فندق جراند حياة عمان ) وهو الفندق الذي حدث فيه الانفجار يوم 9 / 11 / 2005 والذي أودى بحياة العديد من زبائن الفندق ومنهم مؤرث الجهة المدعية المرحوم مثنى حسين عبد الرحيم مصطفى وذلك بسبب أهمال الفندق وضربه عرض الحائط بالأنظمة والتعليمات الصادرة أليه من الجهات الأمنية ووزراء الداخلية والسياحة والتي تقضي بضرورة وسرعة اتخاذ الفندق تركيب منظومة أمنية شاملة ومنها توفير أجهزة ( HAND HELD ) وتثبيت أجهزة لتفتيش الأشخاص ومنها أيضا ( WALK THROUGH ) والأمتعة ( X- RAY ) وذلك بموجب كتاب معالي وزير الداخلية رقم 2 / 28 / 31102 تاريخ 4 / 7 / 2004 الموجه إلى دولة رئيس الوزراء أشارة إلى كتابه رقم 313 / 1 / 5931 تاريخ 1/3 / 2004 وبناءا على أمر ملكي سامي بهذا الخصوص وتعليمات أخرى متعددة ومتلاحقة للمدعى عليهم بضرورة السرعة في اتخاذ الإجراءات الأمنية لتلافي وقوع حدث أرهابي متوقع في الفندق المذكور .

4- أن أهمال المدعى عليهم بعدم التقيد بتعليمات الجهات الرسمية والأمنية وجمعية الفنادق الأردنية هي السبب المباشر لتمكن الأرهابي من دخول الفندق ووقوع التفجير والتسبب بالقتل والأصابات , علما بأن الأرهابين كانوا قد استطلعوا سابقا الفندق المدعى عليه وتبين ليهم أنعدام الأمن فيه وسهولة دخولهم أليه للقيام بعملهم المشؤوم وهكذا كان , علما بأن جمعية الفنادق الأردنية كانت قد وجهت كتابا إلى الفندق المذكور تبلغه فيه مجمل التعليمات الأمنية الصادرة من قبل الجهات الرسمية بضرورة أتخاذه مجمل الإجراءات الأمنية الكفيلة بحماية رواده لتوقع حدث تخريبي في الفندق المذكور ( وتبلغ الفندق المذكور هذا الكتاب ) .

2

Advocate

Ali.Aldairy

Yamen.Adairy

5- أن الأجهزة الأمنية الأردنية وعلى رأسها جهاز المخابرات العامة وبتوجيهات مباشرة من جلالة الملك عبدا لله المعظم , قد أثبتت تفوقها وتفانيها في السير والتضحية من أجل حماية الوطن والمواطن ومن أجل ردع الأرهاب والتخريب فأحبطت معظم عمليات الأرهاب وهي في مهدها فسيق الكثير من المجرمين والأرهابين إلى محكمة أمن الدولة والتي أصدرت أحكاما العلنية والعادلة بحقهم , وكانت أجهزة الأعلام تنشر علنا هذه الأحكام وعلى جميع صفحاتها مما ينفي أي زعم بأن التفجيرات كانت مفاجئة وغير متوقعة , بالأضافة إلى مجمل التعليمات الرسمية الموجهة إلى الفنادق والتي أشرنا اليها آنفا , حيث كان الأردن ولايزال هو البلد الأول الذي يمتاز باستقراره الأمني , وكان هذا السبب هو الذي حدى بالأرهابين لزعزعة هذا الأستقرار وقد فشلوا بأذن الله .

6- المدعية الأولى فداء هي أرملة المغدور مثنى والذي أستشهد يوم 9 / 11 / 2005 في فندق جراند حياة عمان ( المدعى عليه الثاني )

7- المدعية الثانية صبحية هي والدة الشهيد وبهي فقدت مورد رزقها الوحيد وبموته عانت كثيرا من الألام التي لايعلم مداها الا الله سبحانه وتعالى

8- كما أن المرحوم قد ترك أبنتين قاصرتين لامعيل لهم الأ الله سبحانه وتعالى

9- أن المدعين جميعا قد فقدوا معيلهم الوحيد وعانوا الكثير من الألام بفقدانهم الوحيد .

وحيث أن مسؤولية المدعى عليهم المدنية ثابتة جراء إهمالهم وتقصيرهم بحماية روادهم وعدم اتخاذهم أية إجراءات أمنية كما تتطلب منهم رسميا رغم أن حماية روادهم مفترضة بحكم القانون , وحيث أن محكمتكم الموقرة صاحبة الأختصاص .

الطلب :

و لكل متقدم ولهذه الأسباب ولما تراه محكمتكم الموقرة من أسباب أخرى , نلتمس :

1 – تبليغ المدعى عليهم نسخة من لائحة الدعوى مع نسخة من حافظة المستندات

2 – وعقب المحاكمة والثبوت , الحكم بالزام المدعى عليهم وبالتكافل والتضامن بأن يدفعوا للمدعين , التعويض العادل عما أصابهم من ضرر مادي ومعنوي بوفاة مورثهم المرحوم مثنى حسين عبدالرحيم مصطفى ووفق ماتقدره الخبرة

3 – ألزام المدعى عليهم بالرسوم والمصاريف والأتعاب والفائدة القانونية

وتفضلوا بقبول فائق الأحترام

وكيل الجهة المدعية
المحامي يامن الديري

3