IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, Deceased, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>H GROUP HOLDING, INC., a corporation; et al.,<br><br>Defendants. | No. 07 C 6830<br><br>Judge John W. Darrah<br><br>Magistrate Susan E. Cox |

**AGREED MOTION FOR ENTRY OF PROTECTIVE ORDER**

The parties hereby jointly move for the entry of the Protective Order attached hereto as Exhibit A. In support of this motion, the parties state as follows:

1. This case involves allegations that Defendants H Group Holding, Inc., Global Hyatt Corporation, Hyatt International Corporation, Hyatt Corporation, Hyatt Hotels Corporation, Hyatt International (Europe Asia Middle East) LLC, AIC Holding Co., Hyatt International Holdings, Co., and HI Holdings Luxembourg S.a.r.l. (collectively, "Hyatt Defendants") negligently failed to prevent the November 9, 2005 suicide bombing of the Grand Hyatt Amman ("the Hotel") in Amman, Jordan.

2. Resolution of this lawsuit will necessarily require the production of certain documents containing the Hyatt Defendants' confidential and proprietary hotel management contracts and procedural policies, including, but not limited to, the Management Agreement between defendant Hyatt EAME and the owners of the Hotel, defendant Amman Tourism Investment Co., Ltd. The terms of the Management Agreement are strictly confidential. The

Management Agreement contains trade secrets that could harm Hyatt EAME should they become publicly available to Hyatt EAME's competitors as well as to other hotel owners.

3. Plaintiffs have already sought production of the Management Agreement, and Hyatt EAME has produced the Management Agreement to Plaintiffs subject to a confidentiality agreement between the parties. Plaintiffs wish to cite to the Management Agreement in conjunction with certain pending motions, and as such, the parties have agreed to seek the entry of the attached Protective Order to facilitate Plaintiffs' use of the Management Agreement in its papers, and to permit the filing of the Management Agreement under seal.

4. The parties have agreed to the attached proposed Protective Order governing the production and use of not only the Management Agreement, but other confidential and proprietary documents that the parties contemplate will be discovered and produced during the course of this litigation. In particular, the parties may in the future request production of other documents that contain trade secrets, financial data, insurance information, personnel records, and other information that may be reasonably and objectively characterized as confidential information. This proposed Protective Order is also intended to protect the confidentiality of such information.

5. The attached proposed Protective Order delineates specific categories of documents that are entitled to protection, and consistent with Seventh Circuit precedent, makes a showing why such protection of these specific categories of documents is necessary. *See, e.g., Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994).

WHEREFORE, the parties respectfully request that the Court enter the Protective Order attached hereto as Exhibit A.

Dated: February 5, 2008

Respectfully submitted,

By: /s/ Lisa M. Fontoura

H. Roderic Heard (1167170)
Mark P. Miller (6191128)
Lisa M. Fontoura (6273876)
Christine E. Skoczylas (6293811)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, IL 60606-1229
(312) 201-2000

## CERTIFICATE OF SERVICE

I, Lisa M. Fontoura, an attorney, state that I have served a copy of the foregoing *Notice of Motion* and *Agreed Motion for Entry of Protective Order* to all counsel of record via electronic case filing system (CM/ECF) as indicated below, from 225 West Wacker Drive, Chicago, Illinois, 60606, on this 5th day of February 2008:


    Thomas A. Demetrio – tad@corboydemetrio.com

    William T. Gibbs – wtg@corboydemetrio.com



    /s/ Lisa M. Fontoura