## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, Deceased, SOOHA AKKAD, individually; SUSAN GITELSON, Special Administrator of the Estate of RIMA AKKAD MONLA, deceased; and MICHAEL BUTLER, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 07 C 6830 |
| H GROUP HOLDING, INC., a corporation; GLOBAL HYATT CORPORATION, a corporation; HYATT INTERNATIONAL CORPORATION, a corporation; HYATT CORPORATION, a corporation; HYATT HOTELS CORPORATION, a corporation; HYATT INTERNATIONAL (EUROPE AFRICA MIDDLE EAST) LLC; AIC HOLDING CO., a corporation; HYATT INTERNATIONAL HOLDINGS, CO., a corporation; HI HOLDINGS LUXEMBOURG S.a.r.l.; ZARA INVESTMENT HOLDING CO.; and AMMAN TOURISM INVESTMENT CO., LTD., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Judge John W. Darrah<br><br>Magistrate Susan E. Cox |
| Defendants. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS AIC HOLDING CO. AND HYATT INTERNATIONAL HOLDINGS CO.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendants AIC Holding Co. ("AIC"), a Delaware corporation, and Hyatt International Holdings Co. ("HI Holdings"), a Delaware corporation, respectfully move this Court to dismiss Plaintiffs' Amended Complaint for the same reasons as stated their co-defendants' Consolidated Motion to Dismiss, filed on January 14, 2008. HI Holdings also respectfully moves this Court to dismiss it from this action under F.R.C.P. 12(b)(2) because this Court does not have personal jurisdiction over HI Holdings. In support of their motion, AIC and HI Holdings state:

**I.     INTRODUCTION**

On November 9, 2005, suicide bombers shocked the world by almost simultaneously blowing themselves up at three downtown hotels in Amman, Jordan, killing 60 and injuring more than 100 innocent bystanders. The Grand Hyatt Amman ("the Hotel") was one of the three targeted hotels. Many Hotel employees were among the victims. Plaintiffs' decedents, Moustapha Akkad and Rima Akkad Monla, were guests at the Hotel and were among the victims of the terrorists' pre-meditated brutality. Plaintiffs Sooha Akkad and Michael Butler were also injured in the attack.

In their Amended Complaint, Plaintiffs added AIC and HI Holdings as defendants. AIC and HI Holdings join in their co-defendants' Consolidated Motion to Dismiss, filed on January 14, 2008, and incorporate those arguments herein. However, because HI Holdings is a Delaware corporation with its principal place of business in Delaware and does not have sufficient contacts with Illinois to bring it within the jurisdiction of Illinois courts, HI Holdings also moves to dismiss for lack of personal jurisdiction under F.R.C.P. 12(b)(2).

**II.    THIS COURT LACK PERSONAL JURISDICTION OVER HI HOLDINGS.**

The factual allegations in Plaintiffs' complaint utterly fail to set forth a *prima facie* showing of personal jurisdiction over HI Holdings, and, accordingly, HI Holdings should be dismissed from this action. Plaintiffs bear the burden of proving that this Court has personal jurisdiction over HI Holdings. *RAR, Inc. v. Turner Diesel, Ltd*., 107 F.3d 1272, 1276 (7th Cir. 1997). In a diversity case, a federal district court sitting in Illinois has personal jurisdiction over a nonresident defendant only if an Illinois court would have jurisdiction. *Id.* at 1275. For an Illinois court to have personal jurisdiction over a nonresident defendant, personal jurisdiction must be permitted by: (1) Illinois statutory law; (2) the Illinois Constitution; and (3) the Constitution of the United States. *Id*. at 1276. The Illinois long-arm statute extends personal

2

jurisdiction to the limit allowed under the due process clauses of the Illinois and United States Constitutions.  735 ILCS § 5/209(c) (West 2007); *RAR*, 107 F.3d at 1276.  Because there is currently "no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," the three requirements for personal jurisdiction collapse into a single analysis.  *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 780, 787 (7th Cir.2003).  Thus, this Court need not consider whether [HI Holdings] engaged in any of the acts enumerated in the long-arm statute."  *Catalina Marketing Int'l, Inc. v. Coolsavings.com, Inc.*, No. 00-C-2447, 2003 WL 21542491, at *2 (N.D. Ill. July 3, 2003).

Federal due process requires that a defendant have sufficient minimum contacts with the forum state such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Id.* at 713 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Thus, a court will only find personal jurisdiction to be reasonable and fair where a defendant should "reasonably anticipate being haled into court" there.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  The "minimum contacts" standard depends upon whether the forum state is asserting "general" or "specific" jurisdiction.  *RAR*, 107 F.3d at 1277.

Here, Plaintiffs cannot establish that HI Holdings had sufficient contacts with Illinois to satisfy either the "general" or "specific" standard.  Moreover, using the activities of its corporate affiliates as a basis for general jurisdiction over HI Holdings would violate due process.  Simply put, Plaintiffs have not and cannot offer any evidence that HI Holdings has any continuous and systematic business activity in Illinois or even minimum contacts with the state, and, therefore, they have no basis for urging this Court to assert personal jurisdiction over the HI Holdings.  Accordingly, this Court should dismiss Plaintiffs' claims against HI Holdings for lack of personal jurisdiction under F.R.C.P. 12(b)(2).

### A.　　HI Holdings Has Insufficient Contacts with Illinois To Support General Jurisdiction.

An Illinois court may properly exercise general jurisdiction over a nonresident defendant who has "continuous and systematic general business contacts" with the state, even in cases that do not arise out of and are not related to the defendant's contacts with the forum. *RAR*, 107 F.3d at 1277 (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Thus, this Court may assert general jurisdiction over HI Holdings only if Plaintiffs can prove that the Delaware corporation maintained "continuous corporate operations within [Illinois] . . . so substantial and of such nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945); *see also Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*, 304 F. Supp. 2d 1018, 1024 (N.D. Ill. 2004). Plaintiffs cannot establish that HI Holdings has minimum contacts, much less continuous and systematic contacts, with Illinois.

HI Holdings, a Delaware corporation with its principal place of business in Delaware, maintains no offices, has no employees, and owns no real property or bank accounts in Illinois. Affidavit of Mary Turilli at ¶ 4, attached as Exhibit A. It is not registered to do business in Illinois, nor does it have an agent for service of process in the state. *Id.* at ¶ 4. Moreover, HI Holdings has not advertised, solicited business, or transacted any business in Illinois. *Id.* at ¶ 4. Consequently, Plaintiffs cannot and do not allege any basis for general jurisdiction over HI Holdings by an Illinois court. Absent allegations and proof that HI Holdings has been "doing business" in Illinois, this Court may not exercise general jurisdiction over the nonresident Defendant. *See Joyce v. Chateau Aspen Condo. Ass'n*, No. 89-C-9355, 1990 WL 60777, at *2 (N.D. Ill. April 24, 1990) (explaining that "[w]here the complaint makes no reference to any

Illinois acts committed by the defendant, there can be no personal jurisdiction over them in a court in Illinois").

### B. HI Holdings's Corporate Affiliations Do Not Provide a Basis For Personal Jurisdiction.

Furthermore, this Court cannot assert personal jurisdiction over HI Holdings based on its corporate relationships. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000); *see also Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998) (dismissing complaint of plaintiff attacked in a Kentucky hotel against the hotel operator's foreign parent company where parent was not involved in the operation of the hotel). HI Holdings has only a distant relationship with Hyatt International (Europe Africa Middle East) LLC ("Hyatt EAME") and does not participate in the Hotel's operation and management. Turilli Aff. Ex. A at ¶¶ 7, 9.

As demonstrated in co-defendants' Consolidated Motion to Dismiss, Hyatt EAME is the sole Hyatt entity that, as a party to the Hotel's management agreement, could possibly have any potential duty relating to the suicide bombings. HI Holdings's wholly owned subsidiary, HI Holdings Luxembourg, S.a.r.l. ("HIH Luxembourg"), is a Luxembourg corporate entity with its principal place of business in Luxembourg. Hyatt EAME, a Swiss business entity with its principal place of business in Switzerland, is HIH Luxembourg's wholly-owned subsidiary. Thus, personal jurisdiction over HI Holdings can only exist if Plaintiffs can prove some basis for piercing the multiple corporate veils between HI Holdings and Hyatt EAME. Plaintiffs would need to establish that the "subsidiary's only purpose is to conduct the business of the parent." *Cent. States*, 230 F.3d at 943; *see also Integrated Bus. Info. Serv., Ltd. v. Dun & Bradstreet Corp.*, 714 F. Supp. 296, 300-01 (N.D. Ill. 1989) (concluding that asserting jurisdiction over a

5

nonresident, "non-operating holding company" that was not "doing business" in Illinois would be unconstitutional).

HI Holdings's remote corporate connection to the Swiss entity is not a sufficient basis for jurisdiction. Personal jurisdiction over a nonresident parent corporation "cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary." *Cent. States*, 230 F.3d at 943. In determining the amount of control necessary for jurisdiction, "the court must be mindful that the general rule assumes some degree of control, direction, and supervision of a subsidiary in a normal parent/subsidiary relationship." *Caccamo v. Greenmarine Holdings LLC*, No. 01-C-0899, 2002 WL 1466818, at *4 (N.D. Ill. July 8, 2002); *see also IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998) (explaining that parent corporations "necessarily control, direct, and supervise the subsidiaries to some extent, but unless there is a basis for piercing the corporate veil and thus attributing the subsidiaries' torts to the parent, the parent is not liable"). Thus, even if Plaintiffs could allege that HI Holdings controlled, directed, and supervised any of its subsidiaries—and they cannot—such allegations would not establish jurisdiction over HI Holdings.

"In determining whether to pierce the corporate veil, a court applies the law of the state of incorporation," in this case, Delaware. *Catalina*, 2003 WL 21542491, at *4. To state a veil-piercing claim under Delaware law, Plaintiffs "must plead facts supporting an inference that the corporation, through its alter-ego, has created a sham entity designed to defraud creditors and investors." *Crosse v. BCDSD, Inc.*, 836 A.2d 492, 497 (Del. 2003).

As explained in the Turilli Affidavit, Hyatt EAME, the only HI Holdings subsidiary that has any connection whatsoever to the Hotel or its owners, complies with all corporate

6

formalities, maintains its own books and records, is governed by a separate Board of Directors (in Switzerland, called a Board of Managers), and does not co-mingle assets with any of its corporate relatives. Turilli Aff. Ex. A at ¶¶ 10-12; *see Caccamo*, 2002 WL 1466818, at *4 (listing factors that Delaware courts consider in determining whether a subsidiary is a mere instrumentality or alter ego of the parent). Moreover, HI Holdings is strictly a holding company that does nothing more than own stock in one Delaware company and several foreign companies, including Defendant HIH Luxembourg. Turilli Aff. Ex. A at ¶ 9. HI Holdings does not arrange financing for or ongoing capitalization of HIH Luxembourg or Hyatt EAME and does not guarantee HIH Luxembourg's or Hyatt EAME's financial obligations. *Id.* at ¶ 9; *see also Caccamo*, 2002 WL 1466818, at *5 (listing factors that Illinois courts consider in determining whether a parent corporation substantially controlled its subsidiary). Finally, HI Holdings does not participate in the day-to-day operations of its subsidiaries. Turilli Aff. Ex. A at ¶ 9. Plaintiffs do not allege a single fact that would justify piercing the corporate veil in this case or which demonstrates that HI Holdings exercised an unusually high degree of control over HIH Luxembourg or Hyatt EAME. Thus, HI Holdings's affiliation with its subsidiaries cannot form the basis for jurisdiction over HI Holdings by an Illinois court.

More importantly, though, jurisdiction over a corporate parent cannot exist where the court lacks personal jurisdiction over the subsidiary itself. *See Travelers*, 304 F. Supp. 2d at 1026. As set forth in detail in co-defendants' Consolidated Motion, Plaintiffs cannot and do not allege any basis for the exercise of general jurisdiction over Hyatt EAME by an Illinois court. *See* Consolidated Motion at Section III. Because Hyatt EAME lacks the minimum contacts with Illinois to support this Court's jurisdiction over it, "any contacts attributed to [HI Holdings] are also necessarily insufficient." *Travelers*, 304 F. Supp. 2d at 1026.

7

Finally, this Court may not exercise personal jurisdiction over HI Holdings based on its affiliation with its Illinois parent corporation. HI Holdings's only conceivable connection to Illinois is through its status as the subsidiary of Hyatt International, an Illinois citizen. *See* Turilli Aff. Ex. A at ¶¶ 2, 7. Although courts have found the exercise of jurisdiction over parent corporations to be proper based on their subsidiaries' doing business in Illinois, "no authority" supports the reverse proposition that "jurisdiction exists over the subsidiaries based on the parent's activities." *Crum & Forster Specialty Ins. Co. v. Extended Stay America, Inc.*, 873 N.E.2d 964, 973 (Ill. App. Ct. 2007). In *Crum & Forster*, plaintiffs alleged, *inter alia*, that nonresident subsidiary hotels were "doing business" in Illinois through the parent company that indirectly owned them. *Id.* at 972. Rejecting the plaintiffs' attempt to use a reverse parent-subsidiary rule, the court affirmed the dismissal of the nonresident defendants for lack of personal jurisdiction. *Id.* at 978. Because the activities of Hyatt International cannot form the basis for personal jurisdiction over its subsidiaries and nothing in the record indicates that Hyatt International or any of the Hyatt entities failed to observe proper corporate formalities, this Court may not assert jurisdiction over HI Holdings.

> **C.    Because Plaintiffs' Claims Have No Nexus to Illinois Contacts, Specific Jurisdiction Is Also Lacking.**

In the context of specific jurisdiction, the "minimum contacts" standard is satisfied where a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and the litigation arises from injuries caused by those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). Thus, in order for this Court to assert specific jurisdiction over HI Holdings, Plaintiffs must prove that their claims arise out of or are related to HI Holdings's intentional contacts with Illinois. *RAR,* 107 F.3d at 1277. Plaintiffs have not and cannot offer any facts demonstrating that HI Holdings directed its activities toward Illinois.

8

Moreover, any jurisdictional allegations on which Plaintiffs could conceivable rely are not related to Plaintiffs' injuries.

In their Amended Complaint, Plaintiffs allege that HI Holdings and the other Defendants breached their duty of care by failing to prevent a suicide bombing in a Jordanian hotel.  *See., e.g.*, Am. Compl. ¶¶ 13-14 of Counts I-V, attached as Exhibit B.  None of the Plaintiffs reside in Illinois.  The bombing did not occur in Illinois.  None of the Plaintiffs suffered injuries in Illinois.  Thus, even if Plaintiffs could somehow establish that HI Holdings purposefully directed its activities at Illinois residents, the crucial nexus between HI Holdings's contacts with the state and Plaintiffs' claims is absent.  Therefore, any contacts that HI Holdings may have with Illinois cannot form the basis for specific jurisdiction.

## CONCLUSION

Because HI Holdings lacks sufficient contacts with Illinois to bring it under the jurisdiction of an Illinois court and its corporate affiliations cannot form a basis for personal jurisdiction in this case, HI Holdings respectfully urges this Court to dismiss Plaintiffs' claims for lack of personal jurisdiction under F.R.C.P 12(b)(2), and both AIC and HI Holdings respectfully move this Court to dismiss Plaintiffs' claims for the same reasons as stated in their co-defendants' Consolidated Motion to Dismiss.

Dated:  February 6, 2008                              Respectfully submitted,


                                                      By:     /s/ Mark P. Miller

H. Roderic Heard (1167170)
Mark P. Miller (6191128)
Lisa M. Fontoura (6273876)
Christine E. Skoczylas (6293811)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, IL 60606-1229
(312) 201-2000

**CERTIFICATE OF SERVICE**

I, Mark P. Miller, an attorney, state that I have served a copy of the foregoing *Memorandum of Law In Support of Defendants AIC Holding Co. and Hyatt International Holdings Co.'s Motion to Dismiss Plaintiffs' Amended Complaint* to all counsel of record via electronic case filing system (CM/ECF) as indicated below, from 225 West Wacker Drive, Chicago, Illinois, 60606, on this 6th day of February, 2008:

Thomas A. Demetrio – tad@corboydemetrio.com

William T. Gibbs – wtg@corboydemetrio.com

/s/ Mark P. Miller