

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, Deceased, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 07 C 6830<br>Judge John W. Darrah |
| H GROUP HOLDING, INC., a corporation;<br>GLOBAL HYATT CORPORATION, a corporation,<br>*et al.*, | ) ) ) ) | Magistrate Cox |
| Defendants. | ) ) | |

**PROTECTIVE ORDER**

This matter comes before the Court on the parties' Agreed Motion for Entry of a Protective Order, pursuant to Federal Rule of Civil Procedure 26(c), and good cause having been shown, IT IS HEREBY ORDERED:

1.  Definitions:

    (a)  "Document" means any written, printed, typed, graphic or otherwise recorded matter of any kind, however produced or reproduced, including but not limited to:

        (i)  all originals, nonidentical copies, intermediate drafts and revisions of any written notes, working papers, correspondence, memoranda, telegrams, telexes, telecopies, cables, reports, records, books, photographs, journals, pamphlets, circulars, notebooks, calendars, diaries, working papers, records of telephone conversations or meetings, agreements, consultant's reports, studies, guidelines, instructions, interoffice or intraoffice communications, job assignments, lists, manuals, opinions, directories, charts, tabulations, graphs, indexes, catalogs, tables, inventories, data sheets, computer cards, files, runs and printouts, schedules, notices, files, sound or visual recordings, tapes, filmed or graphic matter, and anything similar to any of the foregoing, however denominated; and all electronically stored information as defined by Federal Rule of Civil Procedure 26; and

(ii)    all transcripts of any deposition, hearing, trial or other court proceeding, exhibits, affidavits, interrogatories, answers to interrogatories or other litigation materials.

(b)    "Furnish" means to provide or deliver a document or produce it for inspection or review to any other person or persons, whether voluntarily or involuntarily, whether pursuant to request, interrogatory or process, and whether in accordance with the Illinois Code of Civil Procedure, Illinois Supreme Court Rules, Federal Rules of Civil Procedure, or otherwise;

(c)    "Disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit or otherwise communicate information to any other person or persons, whether voluntarily or involuntarily, whether pursuant to request, interrogatory or process, and whether in accordance with the Illinois Code of Civil Procedure, Illinois Supreme Court Rules, Federal Rules of Civil Procedure or otherwise;

(d)    "Person" means an individual, corporation, partnership, association, unincorporated organization, or any other entity, including, without limitation, each party to any of the actions which are subject to this Order and experts and consultants for any party;

(e)    "Party" means any plaintiff, defendant, counter-plaintiff, counter-defendant, third-party plaintiff, or third-party defendant in this action including, in the case of a party which is a corporation, all officers and employees of the corporation;

(f)    "Producing party" means any Party or non-party that produces Documents (or designates Documents as CONFIDENTIAL) in connection with this litigation pursuant to subpoena, document request, or otherwise;

(g)    "Receiving party" means a Party to whom a Document is Furnished or Disclosed;

(h)    "Third party document" means a Document that is Furnished or Disclosed to a Receiving Party by a Person who is not a Party to this action; and

(i)    "Attorney" includes all partners and employees of the attorney.

2.    This Order shall be applicable to and govern all Documents produced, furnished or disclosed in this litigation, including all third-party documents.

3.    Any document may be designated by the producing party as confidential if the producing party has a reasonable, good faith belief that the document so designated contains

2

trade secrets, competitively sensitive information, highly confidential or proprietary information. Parties shall designate those documents that are to be classified as confidential pursuant to this Order by marking any such documents with a legend that includes the word CONFIDENTIAL. Parties shall make such designation prior to furnishing or disclosing the document or information or within a reasonable time thereafter.  With respect to deposition testimony, parties shall designate all or any portion of a deposition transcript as CONFIDENTIAL by notifying the parties and the court reporter during the deposition or in writing within 14 calendar days of receipt of the transcript.

4.    Except as otherwise authorized by this Order, documents identified as CONFIDENTIAL may be disclosed or furnished only to parties or their attorneys.

5.    Information or documents designated as CONFIDENTIAL pursuant to this Order may not be furnished or disclosed to any person who is not a party or an attorney for a party unless (1) such disclosure is solely for the purposes of this litigation, and (2) the person who wishes to disclose the information or documents obtains, before furnishing the document or disclosing the information, an agreement from the person to whom the document is to be furnished or disclosed in the form attached hereto as Exhibit A and maintains a file of said agreement.  Such agreements shall be available to other parties for inspection and copying upon written request, except for those agreements executed by experts who are retained by a party for the purposes of this litigation who will not testify at trial and whose identity may be kept confidential under applicable law.

7.    No person to whom documents or information produced by the parties (whether or not designated CONFIDENTIAL pursuant to this Order) is furnished or disclosed shall use the documents or information for any purpose whatsoever, except for purposes of this litigation in

3

connection with pre-trial proceedings, the preparation for trial, or other proceedings in connection with this litigation.

8.    If a document designated CONFIDENTIAL pursuant to this Order is used as an exhibit to any document filed with the Court or used at any deposition, hearing or trial, or if information governed by this Order is disclosed in any document filed with the Court or in the transcript of any deposition, hearing or trial, the document or transcript attaching or referring to the document or information subject to this Order shall be filed under seal as provided by the local court rules. Such document or information shall be placed in a sealed envelope bearing a statement substantially similar to the following:

<i>Siegel, et al. v. Global Hyatt Corporation, et al.</i>

United States District Court for the Northern District of Illinois<br>
Eastern Division<br>
No. 07 C 6830<br>
Judge John W. Darrah<br>
Magistrate Susan E. Cox

SEALED and CONFIDENTIAL

By Order of this Court, dated _____, this envelope is not to be opened, and its contents are not to be displayed or revealed.

_____<br>
Signature of Filing Attorney

Transcripts of depositions or portions thereof covered by this Order shall be filed under seal in the manner described above.

9.    At any time, a party may request in writing that a document be declassified (a "Request for Declassification"). Upon a failure to reach agreement regarding declassification, the party seeking to maintain the document as CONFIDENTIAL may file within 14 days of the date on which it received the Request for Declassification a motion seeking to retain the

document's designation as CONFIDENTIAL under this Protective Order. Any such motion shall be noticed for hearing within a reasonable time. The document shall remain CONFIDENTIAL until such time as the Court rules on any such motion and thereafter if the motion is granted. The failure to file such a motion shall result in the document becoming declassified. Nothing herein shall be construed as placing the burden on the party seeking to declassify documents.

10.    The Court may examine and review *in camera* any document governed by this Order, as well as any document filed under seal.

11.    Upon written request at the conclusion of this litigation, any person in possession of documents governed by the terms of this Order (and all copies of such documents) shall return the documents to the person who furnished the documents or shall destroy the documents and provide written certification of such destruction, at the option of the producing party.

12.    This Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including but not limited to defenses or objections to the discovery or production of documents or information and to the use, relevance or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Order.

13.    Nothing contained in this Order shall prejudice in any way the right of any party to seek, by way of consent of all parties or by motion to the Court, additional protection for specific documents or information designated as CONFIDENTIAL.

14.    A party that has inadvertently produced documents without designating them as CONFIDENTIAL pursuant to this Order may promptly upon discovery of the error designate

such documents as CONFIDENTIAL and each party shall thereupon ensure that such documents are treated in conformance with the new designation.

15.    The inadvertent production of any documents in this case shall be without prejudice to the producing party's claim that such inadvertently-produced documents are protected from discovery by either the attorney-client privilege or the attorney work product doctrine, and no party shall be held to have waived any rights by such inadvertent production. In the event that documents the producing party claims to be privileged or otherwise protected from discovery are inadvertently produced, the producing party shall notify the receiving party of such inadvertent production promptly upon discovery that the documents were inadvertently produced, and the receiving party shall promptly return the inadvertently-produced documents (including all copies made) to the producing party. The receiving party retains all of its rights to seek the Court's determination of the producing party's claim of privilege or work product as to such inadvertently produced material.

DATED: _Z - 1Z_____, 2008

ENTERED:

_____
The Honorable John W. Darrah

STIPULATED:

_____/s/ William T. Gibbs_____
Thomas A. Demetrio
Daniel M. Kotin
William T. Gibbs
Corboy & Demetrio, P.C.
33 North Dearborn Street, Suite 2100
Chicago, IL 60602
*Attorneys for the Plaintiffs*

6

_____/s/ Lisa M. Fontoura_____

H. Roderic Heard (1167170)
Mark P. Miller (6191128)
Lisa M. Fontoura (6273876)
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 3000
Chicago, IL  60606
*Attorneys for the Defendants*

## EXHIBIT A

_____, 2008

To Whom It May Concern:

Re:  Order Governing Confidentiality of Documents and Information in _Siegel, et al. v. Global Hyatt Corporation_, No. 07 C 6830, pending in the United States District Court for the Northern District of Illinois, Eastern Division, before the Honorable John W. Darrah.

This is to certify that the undersigned has read and is fully familiar with the provisions of the Protective Order governing confidentiality of documents and information ("Order"), entered by the Honorable John W. Darrah in the above-referenced lawsuit.

As a condition precedent to my examination of any of the documents covered by the Order, or my obtaining any information covered by the Order, I hereby agree that the Order shall be deemed to be directed to, and shall include, me, and I shall observe and comply with all provisions of the Order, and agree to be bound by its terms. I further agree and attest to my understanding that, in the event I fail to abide by the terms of the Order, I may be subject to sanctions imposed by the Court upon me.

In consideration for my being allowed access to said documents and/or information, I further agree to be contractually bound by the terms of the Order and I agree and attest to my understanding that, in the event that I fail to abide by the terms of the Order, I may be subject to financial liability for any loss or damage caused on account thereof.

Affirmed,

_____

Name

_____

Home Address

_____

Occupation

_____

Employer

_____

Job Title