## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, Deceased, SOOHA AKKAD, individually; SUSAN GITELSON, Special Administrator of the Estate of RIMA AKKAD MONLA, deceased; and MICHAEL BUTLER,<br><br>Plaintiffs,<br><br>v.<br><br>H GROUP HOLDING, INC., a corporation; GLOBAL HYATT CORPORATION, a corporation; HYATT INTERNATIONAL CORPORATION, a corporation; HYATT CORPORATION, a corporation; HYATT HOTELS CORPORATION, a corporation; HYATT INTERNATIONAL (EUROPE AFRICA MIDDLE EAST) LLC; AIC HOLDING CO., a corporation; HYATT INTERNATIONAL HOLDINGS, CO., a corporation; HI HOLDINGS LUXEMBURG S.a.r.l.; ZARA INVESTMENT HOLDING CO.; and AMMAN TOURISM INVESTMENT CO., LTD.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07 C 6830<br><br>Judge John W. Darrah<br><br>Magistrate Susan E. Cox |

## MOTION OF HI HOLDINGS LUXEMBOURG S.A.R.L. TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant HI Holdings Luxembourg, S.a.r.l. ("HIH Luxembourg") through its attorneys, respectfully moves this Court to dismiss Plaintiffs' Amended Complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure and pursuant to the doctrine of *forum non conveniens*. In support of its motion, Defendant states as follows:

## I.   INTRODUCTION

On November 9, 2005, suicide bombers shocked the world by almost simultaneously blowing themselves up at three downtown hotels in Amman, Jordan, killing 60 and injuring more

than 100 innocent bystanders. The Grand Hyatt Amman ("the Hotel") was one of the three targeted hotels, where the terrorists detonated an explosion in the Hotel's lobby. Many Hotel employees were among the victims. Plaintiffs' decedents, Moustapha Akkad and Rima Akkad Monla, were among the victims of the terrorists' pre-meditated brutality. Plaintiffs Sooha Akkad and Michael Butler were also injured in the attack. In their Amended Complaint, Plaintiffs attempt to blame HIH Luxembourg and ten other American and foreign entities for the carnage, alleging the Defendants failed to protect them from these coordinated suicide bombings. *See* Am. Compl. ¶ 13 of Counts I-V.

First, this Court does not have personal jurisdiction over HIH Luxembourg. HIH Luxembourg, a Luxembourg corporation with its principal place of business in Luxembourg, does not have sufficient contacts with Illinois to bring it within the jurisdiction of Illinois courts or a Federal court located in Illinois. In the absence of personal jurisdiction over HIH Luxembourg, they should be dismissed.

Moreover, although the Court does have subject matter jurisdiction over this case, the Amended Complaint should be dismissed in its entirety under *forum non conveniens* because the bombing occurred, and the evidence and witnesses are all located, in Amman, Jordan. Jordan is an adequate alternative forum for this dispute. In fact, other persons injured in the bombing have already filed pending lawsuits for damages in Jordan. Illinois is completely unconnected to this terrorist event and is an inconvenient and impractical forum for this case.

Finally, the Amended Complaint should be dismissed on substantive grounds for failure to state a claim upon which relief may be granted. Although it is understandable human nature for victims and victims' families to try to allocate blame for these senseless acts of violence, Illinois law carefully carves out very limited circumstances under which crime victims can state

2

a cause of action for failure to prevent a third-party criminal attack.[1]  Plaintiffs' allegations do not and cannot establish a cause of action for negligence, or that HIH owed any duty to them, because HIH Luxembourg did not own, operate, or manage the Hotel.

For one or more of the reasons stated above, HIH Luxembourg respectfully urges this Court to dismiss Plaintiffs' Amended Complaint against it.

## II.    THE COURT LACKS PERSONAL JURISDICTION OVER HIH LUXEMBOURG

This Court should dismiss the complaint under F.R.C.P. 12(b) (2) against HIH Luxembourg because the Luxembourg business entity lacks sufficient minimum contacts with the State of Illinois to bring it under this Court's jurisdiction.  As noted in Section III of the *Memorandum in Support of Defendants' Consolidated Motion to Dismiss Plaintiffs' Amended Complaint and Opposition to Plaintiffs' Motion to Remand* (Document No. 28), which HIH Luxembourg adopts and incorporates herein, Plaintiffs bear the burden of proving that this Court has personal jurisdiction over HIH Luxembourg, based on the federal due process constitutional "minimum contacts" limits upon the Illinois long arm statute. The "minimum contacts" standard depends upon whether the forum state is asserting "general" or "specific" jurisdiction.

Plaintiffs cannot establish that HIH Luxembourg had sufficient contacts with Illinois to satisfy either the "general" or "specific" standard.  In addition, haling the Luxembourg business entity into an Illinois court would be unfair and unjust.  Accordingly, this Court should dismiss Plaintiffs' claims against HIH Luxembourg for lack of personal jurisdiction pursuant to Rule 12(b) (2) of the Federal Rules of Civil Procedure.

---

[1] HIH Luxembourg does not concede that a proper conflict-of-laws analysis would result in the application of Illinois substantive law.  Although Plaintiffs' Amended Complaint is silent as to the governing law, the site of bombing and the place where the Plaintiffs and their decedents suffered their injuries was Amman, Jordan.  Thus, a Jordanian court should interpret and apply Jordanian law to this dispute.  However, because Plaintiffs filed their lawsuit in Illinois, for purposes of this motion only, HIH Luxembourg will demonstrate that the Amended Complaint fails to state a claim under Illinois substantive law.

**A.  HIH Luxembourg Has Insufficient Contacts with Illinois to Support General Jurisdiction.**

Plaintiffs cannot establish that HIH Luxembourg has minimum contacts, much less continuous and systematic contacts, with Illinois.  HIH Luxembourg's only remote connection with Illinois—via its corporate affiliations—is far too attenuated to support general jurisdiction.

HIH Luxembourg is a Luxembourg corporation with its principal place of business in Luxembourg.  It is not licensed to do business in Illinois, and it has no offices, employees, bank accounts, or real property in the state.  See *Affidavit of Mary Turilli In Support of Defendant HIH Luxembourg's Motion to Dismiss,* attached as Exhibit A, at ¶¶ 2, 4.  HIH has not advertised or solicited business in Illinois, nor has it designated an agent for service of process in the state.  *Id.* Consequently, Plaintiffs cannot and do not allege any basis for the exercise of general jurisdiction over HIH Luxembourg by an Illinois court.  For example, Plaintiffs have not asserted that HIH Luxembourg maintained a website or conducted a U.S. advertising campaign that reached Illinois citizens, even though neither of these marketing devices, or even a combination of the two, however, would constitute a sufficient basis for general jurisdiction.  *See* Section III of the *Memorandum in Support of Defendants' Consolidated Motion to Dismiss Plaintiffs' Amended Complaint and Opposition to Plaintiffs' Motion to Remand*

HIH Luxembourg's only remote connection to Illinois is through a chain of remote corporate parents.  Turilli Aff. Ex. A ¶ 3.  The Luxembourg corporation is two times removed from its closest Illinois relative.  Turilli Aff. Ex. A, ¶ 3; Notice of Removal (Document No. 1), ¶¶ 12-20.  This remote corporate affiliation is an insufficient basis for the exercise of general jurisdiction over HIH Luxembourg.  Generally, "personal jurisdiction cannot be premised on corporation affiliation or stock ownership" where circumstances would not justify piercing the corporate veil. Under Illinois law, the Hyatt companies' corporate veils cannot be pierced absent

a showing of "unity of interest and ownership." *See* Section II of the *Memorandum in Support of Defendants' Consolidated Motion to Dismiss Plaintiff's Amended Complaint and Opposition to Plaintiffs' Motion to Remand.*

Because HIH Luxembourg and its parents and subsidiary observe corporate formalities, do not commingle funds or assets, and maintain separate corporate personalities, Turilli Aff. Ex. A at ¶¶ 5-8, Plaintiffs cannot establish such unity of interest and ownership exists. Using the activities of the other distant Hyatt entities as a basis for personal jurisdiction over HIH Luxembourg would violate due process. Accordingly, this Court cannot assert general jurisdiction over HIH Luxembourg based on its corporate relationships. Simply put, Plaintiffs have not and cannot offer any evidence that HIH Luxembourg has any continuous and systematic business activity in Illinois, and, therefore, they have no basis for urging this Court to assert general jurisdiction over HIH Luxembourg. *See* Section II of the *Memorandum in Support of Defendants' Consolidated Motion to Dismiss Plaintiffs' Amended Complaint and Opposition to Plaintiffs' Motion to Remand.*

**B.     Because Plaintiffs' Claims Have No Nexus to Illinois Contacts, Specific Jurisdiction Is Also Lacking.**

In order for this Court to assert specific jurisdiction over HIH Luxembourg, Plaintiffs must prove that their claims arise out of or are related to HIH Luxembourg's intentional contacts with Illinois. Plaintiffs have not and cannot offer any facts demonstrating that HIH Luxembourg directed its activities toward Illinois. Moreover, any jurisdictional allegations on which Plaintiffs could conceivable rely are not related to Plaintiffs' injuries.

In their complaint, Plaintiffs allege that HIH Luxembourg breached its duty of care by failing to prevent a suicide bombing in a Jordanian hotel. *See., e.g.*, Am. Compl. ¶¶ 13-14 of Counts I-V. None of the Plaintiffs reside in Illinois. Thus, even if Plaintiffs could somehow

establish that HIH Luxembourg purposefully directed its activities at Illinois residents, the crucial nexus between the Defendant's contacts with the state and Plaintiffs' claims is absent. Therefore, any contacts that HIH Luxembourg may have with Illinois cannot form the basis for specific jurisdiction.

**C.    The Exercise of Personal Jurisdiction Over HIH Luxembourg Would Be Unreasonable and Unfair.**

Finally, whether the exercise of jurisdiction over a defendant is reasonable and fair depends on the evaluation of the interests of the forum state, the plaintiff's interest in obtaining relief, and the burden on the defendant.  Furthermore, because none of Plaintiffs are Illinois residents, the balance tips even farther in favor of dismissal. *See* Section II of the *Memorandum in Support of Defendants' Consolidated Motion to Dismiss Plaintiffs' Amended Complaint and Opposition to Plaintiffs' Motion to Remand.*

This Court's assertion of jurisdiction over HIH Luxembourg "would fly in the face of traditional notions of fairness." *Id.*  Illinois's interest in the exercise of jurisdiction over the Luxembourg corporation is non-existent.  All transactions involving Plaintiffs and HIH Luxembourg, if any, occurred outside of the state, and the terrorist bombing that caused Plaintiffs' injuries occurred in Jordan.  Also, because none of Plaintiffs are Illinois residents, they have no legitimate interest in obtaining relief in Illinois.  Finally, the burden on HIH Luxembourg would be severe.  First, it would be forced to travel between its headquarters in Luxembourg and Illinois.  Additionally, it would be forced to defend itself in a foreign legal system.  This burden on the Defendant alone weighs heavily against finding this Court has personal jurisdiction over HIH Luxembourg.

Thus, considering the international context, the heavy burden on HIH Luxembourg, the lack of interest to Plaintiffs or the forum state, and Plaintiffs' failure to establish sufficient

minimum contacts to satisfy due process, the exercise of personal jurisdiction by this Illinois court over HIH Luxembourg would be unreasonable and unfair.

Therefore, pursuant to F.R.C.P. 12(b)(2), HIH Luxembourg respectfully urges this Court to dismiss Plaintiffs' complaint against it for lack of personal jurisdiction.

## III. THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER *FORUM NON CONVENIENS*.

Although this Court should dismiss the claims against HIH Luxembourg for the reasons set forth above, HIH Luxembourg also urges this Court to dismiss the Amended Complaint in its entirety under *forum non conveniens*, based on the law and arguments as articulated in Section IV of the *Memorandum in Support of Defendants' Consolidated Motion to Dismiss Plaintiffs' Amended Complaint and Opposition to Plaintiffs' Motion to Remand*, which HIH Luxembourg adopts and incorporates herein.

## IV. PLAINTIFFS DID NOT AND CANNOT PLEAD A CAUSE OF ACTION AGAINST HIH LUXEMBOURG FOR THE PREVENTION OF UNPREDICTABLE THIRD-PARTY CRIMINAL ACTS.

Finally, HIH Luxembourg urges this Court pursuant to F.R.C.P. 12(b)(6) to dismiss the Amended Complaint in its entirety because Plaintiffs have not and cannot plead facts sufficient to establish a cause of action against HIH Luxembourg for failure to prevent the suicide bombing attack on the Hotel. To adequately state a cause of action, Plaintiffs must establish the existence of a duty of care that HIH Luxembourg owed to Plaintiffs or Plaintiffs' decedents, a breach of that duty, and an injury proximately caused by that breach. Illinois law imposes no general duty to protect others from the criminal acts of third parties. Exceptions to this rule exist where the parties have a "special relationship" and the criminal act was "reasonably foreseeable." Illinois courts will not impose a duty, however, where it is unfair or unreasonable in light of the "magnitude of the burden" to guard against the criminal acts of third parties and where the

negative "consequences of placing that burden upon the defendant" would outweigh the public interest in imposing the duty. *See* Section V of *Memorandum in Support of Defendants' Consolidated Motion to Dismiss Plaintiffs' Amended Complaint and Opposition to Plaintiffs' Motion to Remand,* which HIH Luxembourg adopts and incorporates herein.

First, Plaintiffs did not and cannot plead facts sufficient to demonstrate that anyone but the owners, operators, and managers of the Hotel—Amman Tourism—had any relationship with, or duty to, Plaintiffs or Plaintiffs' decedents, let alone a "special relationship." Secondly, even if Plaintiffs could establish a special relationship existed, Plaintiffs' generalized allegations regarding terrorist threats in the Middle East are not sufficient to establish the suicide bombing of the Hotel was reasonably foreseeable and, therefore, that HIH Luxembourg breached a duty. Finally, as a matter of public policy, the sad reality that suicide bombers attack innocent victims in public places cannot impose a duty on every landowner to ensure the safety of its guests against unpredictable acts of terrorism.

A.    **HIH Luxembourg Had No Relationship With and No Duty to Plaintiffs or Plaintiffs' Decedents.**

1.    **HIH Luxembourg Did Not Own, Operate, or Manage the Hotel.**

Plaintiffs have failed to plead any facts to support their bald and incorrect conclusion that HIH Luxembourg owned, operated, or managed the Hotel. Am. Compl. ¶ 7 of Counts I-V. The affidavit of Mary Turilli proves that the opposite is true. HIH Luxembourg has never owned, operated, or managed the Hotel, Turilli Aff. Ex. A at ¶ 5, and therefore HIH Luxembourg could not owe a duty, special or otherwise, to Plaintiffs or Plaintiffs' decedents. Because Plaintiffs cannot demonstrate that HIH Luxembourg owed a duty to Plaintiffs or Plaintiffs' decedents, Plaintiffs can never state a claim against HIH Luxembourg for failing to protect them from terrorist attacks at the Hotel.

Furthermore, Plaintiffs cannot state a claim against HIH Luxembourg under a veil-piercing theory. Under Illinois law, a parent corporation can only be held liable for the acts of its subsidiary if the subsidiary is a mere instrumentality or alter ego of its parent and preserving the corporate structure would sanction fraud or promote injustice. See Section V of *Memorandum in Support of Defendants' Consolidated Motion to Dismiss Plaintiffs' Amended Complaint and Opposition to Plaintiffs' Motion to Remand.* As explained in the Turilli Affidavit, HIH Luxembourg complies with all corporate formalities, maintains its own books and records, is governed by a separate Board of Directors (in Luxembourg, called a Board of Managers), and does not co-mingle assets with any of its corporate relatives. Turilli Aff. Ex. A at ¶¶ 5-8. Plaintiffs, on the other hand, do not allege a single fact to justify piercing the corporate veil. Thus, even if Plaintiffs could sustain a cause of action against Hyatt EAME for entering into the Management Agreement with the Hotel's Owner, they cannot state a cause of action against HIH Luxembourg based on that same Agreement.

Moreover, even the duty that Hyatt EAME or the Jordanian Hotel owners owe a guest would not extend to the Plaintiffs or their decedents, because the bombing occurred in the public area of the Hotel. The innkeeper-guest relationship imposes a duty to keep guests safe in their hotel rooms – there is no heightened duty to protect visitors from the criminal acts of third parties in public areas of the hotel. *See* Section V of *Memorandum in Support of Defendants' Consolidated Motion to Dismiss Plaintiffs' Amended Complaint and Opposition to Plaintiffs' Motion to Remand.* According to the Amended Complaint, Plaintiffs and their decedents were in the Hotel's lobby when the suicide attack occurred. Am. Compl. ¶ 12 of Counts I-V. Thus, even Hyatt EAME or the Jordanian Hotel owners did not have a heightened duty to protect Plaintiffs

or Plaintiffs' decedents in a public lobby from the suicide bomber, and therefore HIH Luxembourg could not have had any such duty either.

**B.    The Terrorist Attack Was Not a Reasonably Foreseeable Criminal Act.**

Even if HIH Luxembourg had a "special relationship" with Plaintiffs or their decedents—and they did not—the existence of a special relationship alone does not create a duty to protect against the criminal acts of third parties. That duty arises only where sufficient facts put a defendant on notice that a criminal act is *likely* to occur. The law only imposes a duty to protect guests from "reasonably foreseeable criminal activity." The criminal activity must be "objectively reasonable to expect . . . not merely what might conceivably occur." "General allegations of crime will not suffice to establish that future criminal attacks are foreseeable." *See* Section V of *Memorandum in Support of Defendants' Consolidated Motion to Dismiss Plaintiffs' Amended Complaint and Opposition to Plaintiffs' Motion to Remand.*

HIH Luxembourg could not have reasonably expected a terrorist to detonate a bomb in the lobby of the Hotel on November 9, 2005. Plaintiffs' allegation that "a terrorist attack was reasonably foreseeable" based on "recent terrorist activity and anti-American sentiment in the region" is not sufficient to support the claim that the Hotel's owners, operators and managers owed a duty to protect Plaintiffs or their decedents against third-party criminal acts in the Hotel. Am. Compl. ¶ 11.e of Counts I-V. Also, Plaintiffs have not alleged any previous disruptions, acts of violence, or warnings of any sort at the Hotel that should have given the Hotel's owners, operators, and managers notice that such an assault was likely. Rather, Plaintiffs merely allege that the mastermind of the plot was an evil convicted felon and reference broad terrorist threats in the Middle East over a number of years. Am. Compl. ¶ 11.d-g of Counts I-V. These allegations hardly approach a sufficient pleading to establish that a suicide bombing in the Hotel's lobby was "objectively reasonable to expect" and are therefore insufficient to

demonstrate that the Hotel's owners, operators, and managers had a duty to protect against criminal attacks. *See* Section V of *Memorandum in Support of Defendants' Consolidated Motion to Dismiss Plaintiffs' Amended Complaint and Opposition to Plaintiffs' Motion to Remand.*

**C.    Fairness and Public Policy Concerns Weigh Against Burdening Hotel Owners and Operators with the Duty to Protect Against Unpredictable Terrorist Attacks.**

Finally, as a matter of public policy, the sad reality that suicide bombers carry out brutal attacks on innocent civilians in public places around the world cannot impose on every business owner and operator a duty to ensure the safety of their invitees against unpredictable acts of terrorism. *See* Section V of *Memorandum in Support of Defendants' Consolidated Motion to Dismiss Plaintiffs' Amended Complaint and Opposition to Plaintiffs' Motion to Remand.*

Because Plaintiffs have alleged no facts indicating HIH Luxembourg had a duty to protect Plaintiffs or Plaintiffs' decedents from the November 9, 2005 suicide bombing, and because fairness and public policy concerns demand it, HIH Luxembourg respectfully urges this Court to dismiss the Amended Complaint in its entirety against them.

## CONCLUSION

HIH Luxembourg urges this Court to dismiss the Plaintiffs' claims pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rule of Civil Procedure and based on *forum non conveniens.*

Respectfully submitted,

By:    /s/ Mark P. Miller

H. Roderic Heard (1167170)
Mark P. Miller (6191128)
Lisa M. Fontoura (6273876)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, IL 60606-1229
(312) 201-2000

Dated: April 7, 2008

11

## <u>CERTIFICATE OF SERVICE</u>

I, Mark P. Miller, an attorney, state that I have served a copy of the foregoing Motion to Dismiss Plaintiffs' Amended Complaint to all counsel of record via electronic case filing system (CM/ECF) as indicated below, from 225 West Wacker Drive, Chicago, Illinois, 60606, on this 7th day of April, 2008:

Thomas A. Demetrio – tad@corboydemetrio.com

William T. Gibbs – wtg@corboydemetrio.com

/s/ Mark P. Miller