# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY SIEGEL, Administrator of the Estate of MOUSTAPHA AKKAD, Deceased, SOOHA AKKAD, individually; SUSAN GITELSON, Special Administrator of the Estate of RIMA AKKAD MONLA, deceased; and MICHAEL BUTLER,<br><br>                    Plaintiffs,<br><br>            v.<br><br>H GROUP HOLDING, INC., a corporation; GLOBAL HYATT CORPORATION, a corporation; HYATT INTERNATIONAL CORPORATION, a corporation; HYATT CORPORATION, a corporation; HYATT HOTELS CORPORATION, a corporation; HYATT INTERNATIONAL (EUROPE AFRICA MIDDLE EAST) LLC; AIC HOLDING CO., a corporation; HYATT INTERNATIONAL HOLDINGS, CO., a corporation; HI HOLDINGS LUXEMBOURG S.a.r.l.; ZARA INVESTMENT HOLDING CO.; and AMMAN TOURISM INVESTMENT CO., LTD.,<br><br>                    Defendants. | No. 07 C 6830<br><br>Judge John W. Darrah<br><br>Magistrate Judge Susan E. Cox |

**AFFIDAVIT OF MARY TURILLI IN SUPPORT OF DEFENDANT
HI HOLDINGS LUXEMBOURG S.A.R.L.'S MOTION TO DISMISS**

Mary Turilli, being duly sworn, deposes and states as follows:

1. I am currently a Vice President of Hyatt Hotels Corporation ("Hyatt Hotels"), an indirect subsidiary of Global Hyatt Corporation ("Global Hyatt"). My current role is in the Real Estate and Development Group of Global Hyatt in the Corporate Transactions Group. My duties

require extensive familiarity with the corporate structure of Global Hyatt and its subsidiaries, and with the Management Agreements between various Hyatt subsidiaries and owners of hotels that operate under the "Hyatt" name. I have been in my current role since September 2007. Prior to September 2007, my title was Director of Legal Services and Compliance, Legal Department, a position in which I served for about two years. My primary responsibility as Director was oversight of the corporate records of Global Hyatt and its subsidiaries. In total, I have been an employee of subsidiaries of Global Hyatt for over twenty-five years. Throughout those years, I have served in a variety of roles that have caused me to be familiar with the corporate structure of Global Hyatt and its subsidiaries. Accordingly, I have personal knowledge of the matters set forth in the Affidavit. I am competent to testify completely and accurately as to all such matters if called as a witness.

2.  HI Holdings Luxembourg S.a.r.l. ("HIH Luxembourg") is a holding company organized and having its principal place of business in Luxembourg.

3.  On November 9, 2005, there were (2) tiers of corporate entities between Hyatt International Corporation ("Hyatt International") and HIH Luxembourg, and one (1) tier of corporate entities between HIH Luxembourg and Hyatt International (Europe Africa Middle East) LLC ("Hyatt EAME"). Global Hyatt was the parent of AIC Holding Co. ("AIC"). AIC was the parent company of Hyatt International. Hyatt International was the parent company of Hyatt International Holdings Co. ("HI Holdings"). HI Holdings was the parent company of HIH Luxembourg. HIH Luxembourg owned all of the interest in Hyatt EAME.

4.  HIH Luxembourg maintains no offices, has no employees, and owns no real property or bank accounts in Illinois. It is not registered to do business in Illinois, nor does it

2

have an agent for service of process in the state. HIH Luxembourg has not advertised, solicited business, or transacted any business in Illinois.

5.  HIH Luxembourg is strictly a holding company that owned all of the interest in Hyatt EAME. HIH Luxembourg does not arrange financing for or ongoing capitalization of Hyatt EAME. HIH Luxembourg does not guarantee Hyatt EAME's financial obligations. HIH Luxembourg does not participate in any of the day-to-day operations of Hyatt EAME. HIH Luxembourg does not own, operate, or manage any hotels.

6.  HIH Luxembourg observes all formal legal requirements of a Luxembourg company. HIH Luxembourg maintains its own books and records, which it keeps at its headquarters in Luxembourg. The individual books and records of each of Hyatt EAME, HI Holdings and HIH Luxembourg are maintained separately and distinctly from each other in Switzerland, the United States and Luxembourg, respectively.

7.  HI Holdings, HIH Luxembourg, and Hyatt EAME are governed by separate Boards of Directors (or, in the case of Hyatt EAME and HIH Luxembourg, separate Boards of Managers). The Directors and Managers of each entity conduct their meetings separately, at different times and locations.

8.  HI Holdings, HIH Luxembourg, and Hyatt EAME each maintain separate bank accounts. Hyatt EAME does not co-mingle its funds with those of HI Holdings or HIH Luxembourg. Hyatt EAME's assets are more than sufficient to satisfy any potential adverse judgment in this case.

9.  Most of Hyatt EAME's business is with companies other than HI Holdings and HIH Luxembourg. For example, much of Hyatt EAME's business is with individual hotel

3

owners, such as Amman Tourism Investment Co. Ltd. Hyatt EAME has executed a number of management agreements with owners of hotels located in Europe, Africa, and the Middle East.

FURTHER AFFIANT SAYETH NAUGHT.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Mary Turilli

Executed on April 4, 2008

4